■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS RALEIGH, Appellant.—Weiss, P. J. Appeal from a judgment of the County Court of Albany County (Keegan, J.), rendered January 16, 1991, which revoked defendant's probation and imposed a sentence of imprisonment.

On September 1, 1989, defendant was sentenced to a term of five years' probation upon his conviction for criminal possession of a weapon in the third degree. The conditions of probation required him to submit to drug and alcohol abuse evaluation and, if recommended, participate in treatment until successful completion. Treatment was recommended and, on April 6, 1990, defendant enrolled in a family alcoholism treatment program at a community facility. He was discharged from the program on November 5, 1990 for lack of attendance, involvement and progress, and because he was incarcerated at the time on charges of criminal sale of a controlled substance. Defendant was thereupon charged with violation of probation and, following a hearing, was found to

be in violation.* Defendant's probation was revoked and he was resentenced to 2⅔ to 7 years' imprisonment.

On this appeal defendant contends that there was insufficient proof of his guilt because the evidence against him consisted solely of hearsay (see, People v Usher, 80 AD2d 730). While hearsay may be introduced into evidence when relevant (see, CPL 410.70 [3]), it is, by itself, insufficient to sustain the standard required to prove a violation of probation (see, People v Machia, 96 AD2d 1113, 1114). Here, the record includes other competent evidence sufficient to establish, by the required preponderance, the finding that defendant violated the terms of his probation (see, People v Krzykowski, 121 AD2d 831). William Benton, clinical director of the program in which defendant had been enrolled, was personally familiar with defendant's case and had personal knowledge of the circumstances leading to defendant's discharge. While some of the director's testimony may have been based upon unobjected-to hearsay, we hold that his testimony, together with the discharge summary record admitted into evidence without objection, was sufficient to meet the competent evidence requirement.

Defendant next contends that the prosecution's failure to call Alec Robbins, his counselor, and Frank English, a replacement teacher, to testify denied him the right to confront the witnesses against him. Defendant, however, neither demanded their appearance, objected to their nonappearance, nor otherwise sought to have them produced as defense witnesses, and thereby failed to preserve this issue for appeal. While the violation may have been triggered by Robbins' report, the primary evidence against defendant was Benton's testimony based upon his personal knowledge. Thus, this case is distinguishable from People ex rel. McGee v Walters (62 NY2d 317) relied upon by defendant.

We have examined the remainder of defendant's arguments and find them lacking in merit.

Yesawich Jr., Crew III, Casey and Harvey, JJ., concur. Ordered that the judgment is affirmed and matter remitted to the County Court of Albany County for further proceedings pursuant to CPL 460.50 (5).

---

* The violation of probation report included additional allegations that defendant had heroin in his possession and had been arrested for criminal sale of a controlled substance and criminal possession of stolen property, in addition to leaving the treatment program. No proof of the first three violations was offered by the People at the hearing.