*934
 
 OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 County Court, Franklin County, after a hearing, revoked appellant’s probation for an incident in August 1993 in which he was found to be intoxicated. That constituted a violation of one of the conditions — avoidance of alcohol — of his probationary sentence. The underlying conviction was for felony driving while intoxicated and aggravated unlicensed operation of a motor vehicle. Defendant had been arrested twice in the summer of 1993, once in July for harassment of his wife and again in August for obstructing governmental administration. He was intoxicated both times.
 

 After the court revoked probation and sentenced defendant to a period of incarceration, the Appellate Division affirmed and a Judge of this Court granted leave to appeal. The only preserved issue is defendant’s request to adjourn the probation violation hearing to obtain a psychiatric evaluation for the purpose of possibly presenting the affirmative defense of mental disease or defect under Penal Law § 40.15.
 

 While a defendant’s mental condition can be a relevant factor in a probation violation and revocation proceeding
 
 (compare, Matter of Huggins v Coughlin,
 
 155 AD2d 844,
 
 affd for reasons stated below
 
 76 NY2d 904), such a violation is not an "offense” triggering a right to present a formal Penal Law insanity defense
 
 (see, Matter of Darvin M. v Jacobs,
 
 69 NY2d 957; Penal Law § 10.00 [1]; § 40.15). There is no legislative authorization to do that in this type of proceeding.
 

 The County Court in this case, in any event, did take defendant’s medical history and hospital record into consideration and into evidence. The hearing court’s discretion, should the facts and circumstances of a particular proceeding warrant further probing, includes granting an adjournment or ordering an examination, as may be appropriate. Nothing suggests or warrants the conclusion, however, that the hearing court’s exercise of its discretion in this case, as affirmed by the Appellate Division, was an abuse as a matter of law
 
 (compare, People v Morgan,
 
 87 NY2d 878).
 

 Appellant’s other claims are unpreserved and, therefore, not reviewable.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed in a memorandum.