■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROSALIE PARMETER, Appellant. [656 NYS2d 520] —Crew III, J. Ap-

peal from a judgment of the County Court of Essex County (Halloran, J.), rendered May 14, 1996, which revoked defendant's probation and imposed a sentence of imprisonment.

Defendant was convicted in January 1995 upon her plea of guilty of the crime of criminal possession of a forged instrument in the third degree and was sentenced to three years' probation. Defendant subsequently was found to have violated the terms of her probation by failing to submit to an alcohol/drug assessment and, as a result, her probation was revoked and she was sentenced to an intermittent term of 45 days in jail. Defendant now appeals.

Contrary to defendant's contention, we find that the testimony adduced at the hearing established, by a preponderance of the evidence, that defendant violated the terms of her probation (see, CPL 410.70 [3]). The record reveals that defendant was aware that the conditions of her probation required her to submit to an alcohol/substance abuse assessment, to participate in treatment, if indicated, and to abide by her probation officer's instructions as to the manner in which the conditions were to be carried out. Defendant's probation officer testified that beginning in March 1995, she repeatedly directed defendant to schedule and undergo an alcohol/substance abuse assessment at a specified outpatient clinic, which defendant failed to do. The record further reflects that defendant was advised of the consequences of failing to obtain the necessary evaluation and encouraged by her probation officer to comply with the terms of her probation. Although defendant indeed experienced family difficulties when her son was seriously injured in a motorcycle accident in July 1995, we note that she made no effort to schedule an assessment in the months preceding the accident and has advanced no legitimate reason why she was unable to schedule or undergo the required assessment in the six months subsequent thereto. Accordingly, there was ample evidence for County Court to find that defendant violated the terms of her probation.

We similarly reject defendant's argument that County Court erred in not affording her the opportunity to make a statement at sentencing (see, CPL 380.50 [1]). This omission was not brought to the court's attention and, hence, has not been preserved for our review (see, People v Green, 54 NY2d 878, 880), and we find no reason to take corrective action on this issue in the interest of justice (see, People v Maldonado, 199 AD2d 40, 41, lv denied 82 NY2d 927). Moreover, given defendant's inability to abide by the terms of her probation, her substance abuse-related prior criminal history and the fact

that the sentence imposed was within the statutory parameters (*see,* Penal Law §§ 70.15, 85.00), we do not find that the sentence imposed was harsh or excessive (*see, People v Wilson,* 219 AD2d 758, *lv denied* 86 NY2d 875).

Mikoll, J. P., Mercure, White and Peters, JJ., concur. Ordered that the judgment is affirmed.