■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LANSING DEFAYETTE, Appellant. [660 NYS2d 469] —White, J. Appeals (1) from a judgment of the County Court of Clinton County (Lewis, J.), rendered October 2, 1995, which revoked defendant's probation and imposed a sentence of imprisonment, and (2) by permission, from an order of said court, entered August 20, 1996, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Defendant pleaded guilty to driving while intoxicated, a felony, aggravated unlicensed operation of a motor vehicle in the first degree and endangering the welfare of a child after he was found to be operating a motorcycle in the City of Platts-

burgh, Clinton County, with a blood alcohol level of 0.22% while his three-year old unhelmeted son was a passenger. Defendant was sentenced to concurrent 60-day jail terms on each count and five years' probation. He was later charged with and admitted to violating the terms of his probation by entering a bar and consuming alcohol. As a result, defendant's sentence of probation was revoked and he was resentenced to a prison term of 1⅓ to 4 years. He now appeals.

We affirm. Initially, we find that defendant's claim that County Court denied him the right to address the court at the resentencing has not been preserved for our review (*see*, CPL 380.50; *see also, People v Green*, 54 NY2d 878, 880; *People v Parmeter*, 238 AD2d 811; *People v Laurange*, 159 AD2d 895). Notably, defense counsel neither requested that defendant be allowed to make a statement nor brought the omission to County Court's attention (*see, People v Green, supra; People v Parmeter, supra*). We also decline to reverse on this issue in the interest of justice (*see, People v Maldonado*, 199 AD2d 40, 41, *lv denied* 82 NY2d 927).

Defendant's objection to County Court's decision to resentence him without an updated presentence report has similarly not been preserved (*see*, CPL 390.20; *People v Moon*, 225 AD2d 826, 827-828, *lv denied* 88 NY2d 939). Nevertheless, were we to consider the argument, we would find no abuse of discretion, particularly where, as here, the court was keenly aware of the details of this case, defendant did not request that an updated presentence report be prepared and the record reveals that defendant specifically chose to accept the sentence ultimately imposed, contrary to his attorney's recommendation (*see, People v Kuey*, 83 NY2d 278, 282; *People v Travers*, 234 AD2d 808, 809; *People v Conger*, 233 AD2d 620; *People v Moon, supra*, at 828).

Defendant's argument that his admission to violating the terms of his probation did not constitute competent evidence is also rejected as unavailing. Significantly, defendant does not claim that he is innocent of violating the terms of his probation and there is nothing in the record to support a finding that defendant's admission, made in the presence of counsel, was affected by his mental state or physical addictions.

Finally, in light of the serious nature of the crimes to which defendant pleaded guilty, his prior substance abuse-related criminal history and his admitted unwillingness to abide by the terms of his probation, we find that the sentence was appropriate and decline to disturb it (*see, People v Ogden*, 237 AD2d 652; *People v Regan*, 233 AD2d 615, 616; *People v No-*

*vack*, 233 AD2d 617; *People v Recor*, 209 AD2d 831, 832, *affd* 87 NY2d 933).

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment and order are affirmed.