■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS GIPSON, Appellant. [683 NYS2d 302] —Crew III, J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered June 27, 1997, which revoked defendant's probation and imposed a sentence of imprisonment.

Defendant was convicted of the crime of criminal sale of a controlled substance in the fifth degree and was sentenced to a five-year term of probation. Defendant thereafter was found to have violated the terms of his probation by failing to submit to a required "drug and alcohol evaluation" and, as a result, his probation was revoked and he was sentenced to a prison term of 2⅓ to 7 years.

Defendant now appeals, contending that the People failed to meet their burden of proving by a preponderance of the evidence that he violated the terms of his probation (*see,* CPL 410.70 [3]). We disagree. Defendant admitted that he failed to report for the substance abuse evaluation, offering the excuse that he was unable to attend because he could not afford the $30 fee. In our view, the testimony of defendant's probation officer that defendant repeatedly failed to submit to such evaluation, together with defendant's own admission of guilt, provides ample support for County Court's finding that defendant violated the terms of his probation. Defendant's representations that he found it impossible to afford the evaluation fee of $30 between the time of his release on probation in December 1995 and the time of his arraignment in May 1997, even after he had found employment, are too frivolous to merit discussion.

We are equally unpersuaded by defendant's assertion that

his sentence was harsh and excessive. Under the circumstances presented here, we find the sentence appropriate and we decline to disturb it.

Cardona, P. J., Mikoll, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.