■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES E. PEARL, Appellant. [684 NYS2d 28] —Yesawich Jr., J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered March 30, 1998, which revoked defendant's probation and imposed a term of imprisonment.

Defendant was convicted upon his plea of guilty of three

counts of criminal possession of a forged instrument in the second degree and was sentenced to three concurrent periods of five years' probation. Thereafter, he pleaded guilty to violating the terms of his probation—he repeatedly failed to report to a treatment center counseling program—with the understanding that he would be sentenced to two years in jail. As a result, County Court revoked defendant's probation and imposed the agreed-upon sentence. Defendant now appeals.

Defendant contends that County Court erred in failing to order an updated presentence report and that the sentence imposed was harsh and excessive. We disagree. Neither defendant nor his attorney requested an updated report and the record reflects that the original report was less than six months old. Given this, and the fact that defendant agreed to the sentence ultimately imposed, County Court cannot be said to have abused its discretion in sentencing defendant without the benefit of an updated presentence report (*see, People v Defayette*, 241 AD2d 761, *lv denied* 90 NY2d 939; *People v Travers*, 234 AD2d 808). Moreover, considering defendant's admission that he violated the terms of his probation over 20 times within three months following the grant of probation, the sentence, which was consistent with the plea agreement, should not be disturbed (*see, People v Dalton*, 247 AD2d 656).

We have considered defendant's remaining contention that he was denied effective assistance of counsel and find it to be lacking in merit.

Cardona, P. J., Mercure, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed.