■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN C. BROTHERS, Appellant. [702 NYS2d 144] —Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered May 6, 1998, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree.

Pursuant to a negotiated plea bargain, defendant pleaded guilty to one count of the crime of criminal possession of a controlled substance in the fifth degree and signed a "participation agreement" whereby he consented to participate and complete a "drug court program". Defendant's sentencing date was adjourned for this purpose and the agreement clearly stated that, in the event the program was successfully completed, he would receive a sentence of time served along with five years' probation. In the event defendant did not comply with the agreement, however, it was understood that he would be sentenced to a term of incarceration. Thereafter, defendant was discharged from the drug court program for failing to comply with the rules. Following a hearing, County Court found defendant guilty of willfully violating the terms and conditions of his sentence. The court subsequently sentenced defendant to an indeterminate term of 2⅓ to 7 years in prison. This appeal followed.

We affirm. Contrary to defendant's argument, we conclude that the People proved by a preponderance of the evidence that defendant violated the terms and conditions of his sentence (*see generally*, CPL 410.70 [3]; *see also, People v Recor*, 209 AD2d 831, 832, *affd* 87 NY2d 933). Notably, at the violation hearing, the People presented two witnesses, one of whom was defendant's case manager, who testified that defendant was discharged from the program for, *inter alia*, violating the attendance policies for treatment meetings. Given the unambiguous terms of the participation agreement signed by defendant and his awareness of his responsibilities in that regard, we find no reason to disturb County Court's conclusion that defendant willfully violated the agreement.

Mercure, J. P., Crew III, Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the judgment is affirmed.