■ The People of the State of New York, Respondent, v Robert L. Hogan, Jr., Appellant. [728 NYS2d 216] —Rose, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered October 13, 1999, which revoked defendant's probation and imposed a sentence of imprisonment.

Upon his plea of guilty to robbery in the third degree in satisfaction of a two-count indictment for robbery and petit larceny, defendant was sentenced to five months in jail and five years' probation. Defendant then allegedly violated the terms of his probation and, after a hearing, he was found guilty and sentenced to $2^{1}/_{4}$ to $6^{3}/_{4}$ years in prison. Defendant appeals.

While we agree with defendant that County Court "may not conclude that defendant violated a condition of probation based exclusively on hearsay evidence" (*People v Marx*, 222 AD2d 763, 764), we find that defendant's violation here was supported by " 'a residuum of competent legal evidence' " (*People v Styles*, 175 AD2d 961, *lv denied* 79 NY2d 923, quoting *People v Machia*, 96 AD2d 1113, 1114). The hearing record reflects that both the arresting officer and defendant's probation officer testi-

fied to their direct, personal knowledge of the facts and circumstances surrounding defendant's violation of the terms of probation (*see, People v Raleigh,* 184 AD2d 869, 870, *lv denied* 80 NY2d 908). Thus, County Court was provided with legally competent evidence, and hearsay evidence was not the sole basis for revocation of defendant's probation.

Next, County Court's failure to give defendant an opportunity to speak pursuant to CPL 380.50 (1) "was not brought to the court's attention and, hence, has not been preserved for [appellate] review" (*People v Parmeter,* 238 AD2d 811, 812; *see, People v Green,* 54 NY2d 878). Nor can we find a reason on this record to consider it in the interest of justice (*see, People v Parmeter, supra,* at 812; *People v Whitehead,* 169 AD2d 847).

We also disagree with defendant's contention that his original conviction cannot stand because the plea allocution lacked the factual elements necessary to support a conviction for robbery in the third degree. Defendant admitted that he forcibly stole money from the Getty Petroleum Corporation office in the Village of Green Island, Albany County. Moreover, as the record reveals that County Court adequately explained the implications of pleading guilty and defendant expressed his understanding of the same (*see, People v Battiste,* 238 AD2d 724, 725, *lv denied* 90 NY2d 901), we conclude that his plea was made knowingly, voluntarily and intelligently (*see, People v Snow,* 253 AD2d 985, 986, *lv denied* 93 NY2d 858).

Next, we disagree with defendant's contention that his counsel failed to inform him of a plea bargain offer before the hearing and failed to effectively cross-examine witnesses at the hearing. As there is no record evidence that defendant was offered a plea bargain with a proposed 1 to 3-year term of imprisonment before the hearing and the record reflects that an adequate cross-examination of the hearing witnesses was conducted by defense counsel, the record fails to confirm defendant's claim that he did not receive meaningful representation (*see, People v Baldi,* 54 NY2d 137, 147).

Finally, defendant's sentence is within permissible statutory ranges and the sentencing court did not abuse its discretion (*see, People v Archangel,* 272 AD2d 686, 687). Defendant's contention that his sentence must be vacated because there is no evidence that a declaration of delinquency was ever filed for his probation violation also lacks merit. Our examination of the record satisfies us that a declaration of delinquency was filed based upon County Court's acknowledgment at defendant's violation of probation arraignment that a declaration of delinquency had been signed and that defendant was provided a

copy of it. Defendant's counsel acknowledged receipt of the declaration, and testimony by his probation officer further established that County Court signed such a declaration.

Mercure, J. P., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.