■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK E. CANNON, Appellant. [767 NYS2d 691]—

Lahtinen, J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered March 1, 2002, which revoked defendant's probation and imposed a sentence of imprisonment.

Defendant pleaded guilty to rape in the third degree and was sentenced, in January 2001, to six months in jail and five years' probation. In January 2002, he was charged with violating five of the conditions of his probation. Following a hearing, County Court found him guilty of three of the charges: failure to

satisfactorily participate in sex offender counseling; failure to abstain from the use of illegal controlled substances; and failure to submit to alcohol substance abuse treatment. Defendant's probation was revoked and he was sentenced to a prison term of 1 to 3 years. Defendant appeals.

Defendant asserts that the evidence was insufficient to sustain the charges. The People bear the burden of proving the charged violations by a preponderance of the evidence (*see* CPL 410.70 [3]; *People v Brothers*, 268 AD2d 607, 608 [2000]; *People v Recor*, 209 AD2d 831, 832 [1994], *affd* 87 NY2d 933 [1996]). Testimony was received at the hearing from Richard Scott (defendant's probation officer), Richard Hamill (director of Forensic Mental Health Associates) and defendant. The testimony of Scott and Hamill established that defendant failed to complete sex abuse counseling. Scott further testified that defendant failed a drug test, admitted smoking marihuana and did not participate in alcohol substance abuse treatment. Defendant did not deny failing to complete both the sex offender counseling and the alcohol substance abuse treatment. His explanations for such failures were not found convincing by County Court. Defendant also acknowledged that he admitted to Scott that he had smoked marihuana while on probation. After a review of the record, we find the proof presented was sufficient to support County Court's order revoking defendant's probation.

Defendant's contention that he was denied the effective assistance of counsel because his attorney did not produce an expert to demonstrate that his medication caused the positive result in the drug test is meritless. Defendant admitted at the hearing that he had told Scott he smoked marihuana and such admission was adequate to sustain the finding of a violation. Nor is there any merit to defendant's assertion that the sentence of 1 to 3 years was harsh and excessive (*see People v Corpin*, 269 AD2d 622 [2000], *lv denied* 95 NY2d 795 [2000]).

Mercure, J.P., Carpinello, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed.