■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS P. KANE, Appellant. [775 NYS2d 603]—Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered April 7, 2003, convicting defendant upon his plea of guilty of two counts of the crime of attempted criminal possession of a forged instrument in the second degree.

Defendant, waiving his right to appeal all aspects of the

proceeding except sentencing, pleaded guilty to two counts of attempted criminal possession of a forged instrument in the second degree. Although the People agreed to abide by the recommendation of the presentence investigation report, County Court made no commitment as to sentencing. Notwithstanding the recommendation in the presentence investigation report of two separate sentences of 180 days in jail followed by a period of probation, defendant was sentenced to consecutive terms of one year in jail. Defendant appeals, contending that the sentence imposed is harsh and excessive particularly given his efforts to overcome his drug addiction. We disagree. It was within the discretion of County Court to determine the appropriate sentence and it was not bound by the sentencing recommendation of the People or the presentence investigation report (*see People v Hope*, 274 AD2d 673 [2000], *lv denied* 95 NY2d 890 [2000]; *People v Moore*, 270 AD2d 715 [2000], *lv denied* 95 NY2d 800 [2000]). The record establishes that the court was aware of defendant's drug addiction and his efforts to overcome it, but was swayed by other relevant factors, including his failure to initially appear for sentencing and his probationary status in Massachusetts. Despite defendant's contention to the contrary, we find no extraordinary circumstances warranting a reduction of the sentence in the interest of justice (*see generally People v Hope, supra* at 674).

Mercure, J.P., Crew III, Spain, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.