■ The People of the State of New York, Respondent, v Christina L. Smoke, Appellant. [789 NYS2d 335]—

Lahtinen, J. Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered January 3, 2003, which revoked defendant's interim probation and imposed a sentence of imprisonment.

Defendant pleaded guilty to one count of driving while intoxicated as a felony in satisfaction of a four-count indictment and County Court placed her on interim probation imposing several conditions, including the successful completion of an alcohol/substance abuse program. Defendant allegedly violated various terms of her probation and a warrant for her arrest was issued in December 2002. After her arrest by St. Regis Mohawk Tribal Police, defendant appeared before County Court with her attorney and admitted violating her interim probation. Although the updated presentence report recommended 180 days in jail and further probation, County Court sentenced her to a term of incarceration of $1^1/_3$ to 4 years. Defendant appeals.

Initially, defendant argues that her arrest by St. Regis Mohawk Tribal Police was unlawful because the Tribal Police were not authorized to effect the arrest. The issue is not preserved for review (*see People v Dixon*, 295 AD2d 699, 700 [2002], *lv denied* 98 NY2d 709 [2002]) but, nevertheless, is meritless (*see generally People v Hale*, 93 NY2d 454 [1999]).

We also reject defendant's contention that her sentence was harsh and excessive and should be reduced in the interest of justice. Defendant's initial violation of the terms of her probation ostensibly resulted from her decision to leave a treatment program in order to be near her dying father. However, after her father's death, defendant made no effort to return to the

treatment program. She returned, instead, to using illegal substances. Indeed, when she appeared before County Court on the probation violation, she consented to a urinalysis test that revealed use of cocaine and marihuana. In weighing an appropriate sentence, County Court noted, among other things, defendant's lack of meaningful efforts at rehabilitation and the fact that she had prior criminal convictions in both Canada and the United States. Although a lesser sentence was recommended in the presentence report, County Court was not bound by that recommendation (*see People v Kane*, 6 AD3d 986, 987 [2004]). We are unpersuaded that the sentence constituted an abuse of discretion by County Court or that there are extraordinary circumstances meriting a reduction of the sentence in the interest of justice (*see People v Arnold*, 2 AD3d 975, 976-977 [2003], *lv denied* 1 NY3d 594 [2004]).

Mercure, J.P., Spain, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed.