■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID SOPRANO, Appellant. [810 NYS2d 688]—

Kane, J. Appeal from a judgment of the County Court of Tioga County (Sgueglia, J.), rendered February 28, 2005, which revoked defendant's probation and imposed a sentence of imprisonment.

In May 2000, defendant was sentenced to five years of probation after he pleaded guilty to the crime of criminal sale of a controlled substance in the fifth degree. In August 2004, after a traffic stop revealed that he was driving without a license and police found a crack pipe containing cocaine in his car, defendant was arrested for aggravated unlicensed operation of a motor vehicle and criminal possession of a controlled substance in the seventh degree. A violation of probation petition was filed alleging that defendant violated a condition of his probation by

being arrested and charged with those crimes. Following a hearing, County Court found that defendant violated his probation, revoked that probation and sentenced him to a prison term of 1 to 5 years. Defendant appeals.

The People met their burden of proving by a preponderance of the evidence that defendant failed to abide by the terms of his probation (*see* CPL 410.70 [3]; *People v Cannon,* 2 AD3d 898, 899 [2003], *lv denied* 2 NY3d 738 [2004]). The arresting officer testified that he found a crack pipe containing cocaine in defendant's car and defendant admitted purchasing the cocaine on the day of his arrest (*compare People v Rushin,* 196 AD2d 835, 836 [1993], *lv denied* 82 NY2d 808 [1993]). This evidence provided an adequate basis for County Court's finding that defendant violated his probation. We will not address defendant's unpreserved argument regarding suppression of the cocaine and a statement that he made to police after they found that cocaine, as he did not move to suppress that evidence or object to its admission at the hearing (*see People v Lancaster,* 272 AD2d 719, 719-720 [2000]; *People v Southwick,* 232 AD2d 755, 756 [1996], *lv denied* 89 NY2d 930 [1996]; *see also People v Smoke,* 15 AD3d 729, 729 [2005]).

Considering that this was defendant's third violation of probation, he could not maintain his abstinence from cocaine use despite treatment and he was again arrested for cocaine possession in September 2004, we will not disturb the sentence imposed by County Court (*see People v Smith,* 301 AD2d 744, 745 [2003]; *People v Gotham,* 284 AD2d 578, 579 [2001]).

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.