OPINION OF THE COURT
John S. Hall, Jr., J.
*1102 On July 23, 2003, Richard M. Oehler (hereinafter referred to as defendant) pleaded guilty to one count of driving while intoxicated, as a class D felony. On October 27, 2003, defendant was sentenced to five years’ probation, in addition to a $2,000 fine and mandatory court surcharge. As part of the terms and conditions of his adult probation, the defendant was ordered, and agreed, to participate in the Warren County Adult Felony Treatment Court Program. Defendant ultimately completed said program and was continued on probation. On or about January 11, 2006, a violation of probation petition was filed against the defendant. After numerous adjournments and substitutions of counsel, a hearing pursuant to CPL 410.70 was held on the violation petition on June 12, 2006 where the court heard testimony from Probation Officer Kathy Johnston, Deputy Engle, and Probation Supervisor Mark Sager. The defendant testified in his defense. The court finds the People’s witnesses’ testimony to be credible, consistent and competent.
Condition number 17 of the terms and conditions of probation required the defendant to submit to random drug/alcohol testing. Defendant acknowledged this responsibility at the hearing. He admitted that he failed to submit a urine sample for testing when his probation officer arrived at his home unannounced on New Year’s Day. Defendant maintained that he could not afford to take the test. Regardless of the defendant’s means to pay for the test, it is not controverted in any respect that the defendant violated condition number 17.
During the unannounced home visit at the defendant’s residence, numerous empty and at least one half empty beer can were observed on the bar at his house. Defendant alleged that the cans were not his. Although it is not known who purchased the beer, possession of alcohol by the defendant was proved by a preponderance of the evidence. The court is satisfied that the People have met their burden of proving by a preponderance of the evidence that defendant failed to abide by the terms of his probation (see, People v Soprano, 27 AD3d 964 [3d Dept 2006]; CPL 410.70 [3]; People v Cannon, 2 AD3d 898 [2003], lv denied 2 NY3d 738 [2004]).
In addition to the observed presence of alcohol in defendant’s residence on New Year’s Day, there was also proof that the defendant’s urine was positive for the presence of ethyl glucuronide, usually referred to as EtG, a metabolite which is produced by the human body upon the ingestion of alcohol. The court takes judicial notice that the National Transportation *1103 Safety Board, the Federal Aviation Administration and the Civil Aerospace Medical Institute routinely test for EtG to determine whether alcoholic beverages have been consumed. Use of the EtG test is approved by the Substance Abuse and Mental Health Services Administration of United States Health and Human Services Administration.
No reported case in this state has held that the EtG test is sufficiently reliable to be used as proof in a criminal proceeding. However, CPL 410.70 (3) provides that the court may receive “any relevant evidence not legally privileged” at a hearing to determine a violation of probation. (Emphasis added.) This court finds that the results of the EtG test are relevant evidence that is not privileged. It is sufficiently reliable evidence for the purpose of proof of an alleged violation of probation especially where the alcohol is observed in the defendant’s home during the time period when the test is administered, thereby corroborating the test results.