■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER E. PROVOST, Appellant. [825 NYS2d 580]—

Carpinello, J. Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered September 2, 2003, which revoked defendant's probation and imposed a sentence of imprisonment.

Defendant pleaded guilty to sexual abuse in the first degree and was thereafter sentenced to five months in jail and 10 years

of probation. A petition was subsequently filed alleging that he violated the terms of his probation by consuming alcohol and failing to participate in alcohol treatment and sexual behavior counseling programs. Following a hearing, County Court determined that defendant violated his probation, revoked it and sentenced him to a three-year prison term. He now appeals.

We affirm. The People have met their burden of proving by a preponderance of the evidence that defendant failed to obey conditions of his probation (*see* CPL 410.70 [3]; *People v Soprano*, 27 AD3d 964, 965 [2006]). To the extent that defendant claims that hearsay evidence alone established his failure to participate in the alcohol treatment program, we note that defendant himself conceded during his testimony that he missed some sessions (*see People v Murphy*, 257 AD2d 766, 767 [1999], *lv denied* 93 NY2d 876 [1999]; *People v Gipson*, 256 AD2d 718, 718 [1998]). With regard to the consumption of alcohol violation, defendant's probation officer testified that he tested positive for alcohol (*see People v Cannon*, 2 AD3d 898, 899 [2003], *lv denied* 2 NY3d 738 [2004]) and that defendant had admitted to her on multiple occasions that he had so imbibed (*see People v Spady*, 25 AD3d 881, 882 [2006]; *People v Bower*, 9 AD3d 603, 604 [2004], *lv denied* 3 NY3d 704 [2004]; *see also People v Rushin*, 196 AD2d 835, 836 [1993], *lv denied* 82 NY2d 808 [1993]). Again during his own testimony, defendant admitted to consuming alcohol while on probation. Furthermore, defendant's probation officer, who was a cofacilitator of the sexual behavior counseling program, testified that defendant failed to attend meetings and was therefore terminated from the program (*see People v Hogan*, 284 AD2d 655, 655-656 [2001], *lv denied* 97 NY2d 641 [2001]; *People v Raleigh*, 184 AD2d 869, 870 [1992], *lv denied* 80 NY2d 908 [1992]).

Next, we discern neither an abuse of discretion by County Court nor the existence of extraordinary circumstances warranting a modification of defendant's sentence in the interest of justice (*see People v Garner*, 28 AD3d 875, 875 [2006]; *People v Venable*, 24 AD3d 1109, 1110 [2005]). Defendant's remaining contentions are unpreserved for our review, namely, the claim that County Court erred by failing to order an updated presentence report (*see People v Fernandez*, 7 AD3d 886, 887 [2004]; *People v Olivett*, 301 AD2d 968, 969 [2003]) and by failing to give him an opportunity to make a statement prior to sentencing (*see People v Hogan, supra* at 656; *People v Parmeter*, 238 AD2d 811, 812 [1997]).

Mercure, J.P., Crew III, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.