■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKY L. OSBORNE, Appellant. [833 NYS2d 677]—

Mugglin, J. Appeal from a judgment of the County Court of Otsego County (Burns, J.), rendered August 19, 2005, which revoked defendant's probation and imposed a sentence of imprisonment.

Defendant pleaded guilty to sexual abuse in the first degree and was sentenced to four months of intermittent incarceration and five years of probation. He was subsequently charged with violating the conditions of his probation. Following a hearing, County Court determined that defendant failed to report to his probation officer as directed and failed to notify the officer of his change of address and employment. County Court therefore revoked defendant's probation and sentenced him to seven years in prison with three years of postrelease supervision. Defendant now appeals and we affirm.

We find unavailing defendant's contention that he established a justifiable excuse for violating the terms of his probation. With the People having demonstrated defendant's probation violations by a preponderance of the evidence (*see* CPL 410.70 [3]; *People v Soprano*, 27 AD3d 964, 965 [2006]), the burden was on defendant to set forth a justifiable excuse for such violations (*see People v Costanza*, 281 AD2d 120, 123 [2001], *lv denied* 96 NY2d 827 [2001]). Defendant's testimony attempting to explain and justify the violations was found not credible (*see People v Cruz*, 35 AD3d 898, 899 [2006], *lv denied* 8 NY3d 845 [2007]; *People v Smith*, 301 AD2d 744, 745 [2003]). On this record, we find no abuse of discretion by County Court and affirm the revocation of defendant's probation (*see People v Murray*, 12 AD3d 838, 840 [2004], *lv denied* 4 NY3d 766 [2005]; *People v La Shomb*, 285 AD2d 837, 838 [2001]).

Likewise, we find no merit to defendant's claim that his sentence was harsh and excessive. Given the severity of the underlying crime and defendant's proven inability to abide by the conditions of his probation, we discern neither an abuse of discretion on the part of County Court nor the existence of extraordinary circumstances warranting a reduction of the

sentence in the interest of justice (*see People v Walts*, 34 AD3d 1043, 1044 [2006], *lv denied* 8 NY3d 850 [2007]; *People v Bertsch*, 31 AD3d 961, 961 [2006]).

Cardona, P.J., Spain, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.