■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GRANVILLE BOST, Appellant. [833 NYS2d 759]—

Lahtinen, J. Appeals (1) from a judgment of the County Court of Ulster County (Bruhn, J.), rendered October 25, 2004, which revoked defendant's probation and imposed a sentence of imprisonment, and (2) by permission, from an order of said court, entered May 22, 2005, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Defendant pleaded guilty to first degree criminal contempt and received a negotiated sentence of six months in jail and five years probation. Upon his release from jail, he allegedly immediately violated the terms of his probation by using cocaine and attempting to contact the mother of his child in contravention of a protective order. At the ensuing hearing, his probation officer testified that defendant had acknowledged that he used cocaine the day he was released from jail and thereafter. Defendant testified and admitted to using cocaine. Based upon such admissions, County Court found that defendant had violated the conditions of his probation. The court revoked his probation and sentenced him to a prison term of 1¹/₃ to 4 years. His subsequent CPL 440.10 motion to vacate the judgment of conviction was denied without a hearing. Defendant appeals from the judgment revoking his probation and imposing a sentence and, by permission, from the order denying his CPL article 440 motion.

"A violation of probation proceeding is summary in nature and a sentence of probation may be revoked if the defendant

has been afforded an opportunity to be heard and the court determines by a preponderance of the evidence that a condition of the probation has been violated" (*People v Jangrow*, 34 AD3d 991, 991-992 [2006] [citation omitted]; *see People v Recor*, 209 AD2d 831, 831 [1994], *affd* 87 NY2d 933 [1996]; *People v Morton*, 142 AD2d 763, 764 [1988]). Defendant's assertion that only hearsay evidence was used at the hearing is belied by the fact that he acknowledged during his testimony that he used cocaine while in jail and after his release (*see People v Provost*, 35 AD3d 899, 900 [2006]). It is not necessary to address the issue that defendant urges regarding whether he violated the order of protection by contacting the mother of his child since County Court made no finding regarding the protective order and did not refer to it when deciding to revoke defendant's probation. His admission to using cocaine undermines his argument that he was prejudiced by County Court's refusal to permit him additional leeway in cross-examining his probation officer about the drug tests he took.

In light of defendant's record, we find no abuse of discretion or extraordinary circumstances warranting a reduction of his sentence (*see People v Cooper*, 18 AD3d 893, 894 [2005]; *People v Smoke*, 15 AD3d 729, 730 [2005]). We also find no error in the denial of his CPL 440.10 motion since his assertions in such motion repeated previously considered and denied arguments, reiterated issues raised on direct appeal, and were speculative and contradicted by proof in the record (*see generally People v Glanda*, 18 AD3d 956, 960-961 [2005], *lv denied* 6 NY3d 754 [2005]; *People v Varno*, 297 AD2d 873, 874 [2002], *lv denied* 99 NY2d 565 [2002]; *People v Turcotte*, 252 AD2d 818, 820-821 [1998], *lv denied* 92 NY2d 1054 [1999]). The remaining arguments have been considered and found unpersuasive.

Mercure, J.P., Spain, Carpinello and Rose, JJ., concur. Ordered that the judgment and order are affirmed.