■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KYLE FREDERICK SANDER, Appellant. [850 NYS2d 238]—

Spain, J. Appeal from a judgment of the County Court of Delaware County (Becker, J.), rendered July 27, 2006, which revoked defendant's probation and imposed a sentence of imprisonment.

In May 2003, defendant waived indictment and agreed to be prosecuted by a superior court information charging him with conspiracy in the fourth degree, stemming from his involvement in a robbery. Under the terms of a plea agreement, defendant was adjudicated a youthful offender and sentenced to five years of probation. After twice admitting to violating the terms of his probation, defendant's probation was modified by County Court to include the requirement that he attend a residential drug treatment program for four months, after which he would be

considered for participation in the Delaware County Treatment Court (hereinafter Drug Court).

In January 2005, defendant entered the Drug Court program, agreeing, among other things, to participate in any additional recommended treatment and provide verification of his participation upon request. Defendant also agreed to the condition that if he did not successfully complete the Drug Court program, his probation would be revoked and he would be resentenced to a term of imprisonment of 1¹/₃ to 4 years. In June 2006, a violation of probation petition was filed against defendant and, following a hearing, County Court found defendant in violation of both his probation and the Drug Court participation agreement for failing to attend required meetings and providing false verification of his attendance. Thereafter, County Court revoked defendant's probation and sentenced him, pursuant to the Drug Court agreement, to a prison term of 1¹/₃ to 4 years. Defendant now appeals.

We affirm. Defendant initially contends that County Court erred in finding him in violation of his probation for failing to attend required meetings, because the Drug Court's requirement that he attend Alcoholics Anonymous violated the Establishment Clause of the US Constitution. A review of the record reveals that defendant failed to raise this challenge during the probation violation hearing or at resentencing. Thus, the issue is not preserved for our review (*see* CPL 470.05 [2]; *People v Iannelli*, 69 NY2d 684 [1986], *cert denied* 482 US 914 [1987]). In any event, the record clearly supports the court's determination that defendant falsified his attendance verification reports to reflect that he was present at meetings which he did not in fact attend.

Additionally, inasmuch as defendant failed to request an updated presentence report or move to vacate the resentencing, defendant's contention that County Court erred in failing to order a second presentence report is not preserved for our review (*see People v Henkel*, 37 AD3d 873, 873 [2007], *lv denied* 8 NY3d 985 [2007]; *People v Walts*, 34 AD3d 1043, 1044 [2006], *lv denied* 8 NY3d 850 [2007]; *People v Johnston*, 32 AD3d 556, 556 [2006]). Even if we were to consider the claim, under the circumstances presented here, we find no abuse of discretion by County Court in resentencing defendant without an updated presentence investigation report (*see People v Kuey*, 83 NY2d 278, 282 [1994]; *People v Henkel*, 37 AD3d at 873). Accordingly, the judgment appealed from is affirmed.

Cardona, P.J., Peters, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.