■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STACEY MASON, Appellant. [887 NYS2d 363]—

Stein, J. Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered September 10, 2007, convicting defendant upon her plea of guilty of the crime of criminal nuisance in the first degree.

Defendant was arrested in her apartment in the City of Albany for, among other things, knowingly conducting or maintaining a premises where people had gathered for the purpose of engaging in the unlawful sale of controlled substances in return for receiving a quantity of crack cocaine. An Albany County grand jury returned a six-count indictment against defendant and her codefendants in which defendant was charged with two counts—criminal nuisance in the first degree and endangering the welfare of a child. In June 2005, defendant entered into a plea agreement that provided that she would plead guilty, as a predicate offender, to criminal nuisance in the first degree and that her sentencing would be deferred pending her participation in the Albany County Drug Treatment Court program. Furthermore, if defendant successfully completed the drug court program, she would be allowed to withdraw her plea of guilty to a felony, plead guilty to a misdemeanor and receive a sentence of time served, a one-year conditional discharge, surcharge and victim fee, so long as she cooperated against her codefendants and waived certain other rights, including her right to appeal. It was also agreed that, if defendant breached the plea agreement, she would be sentenced to a prison term of 2 to 4 years. Defendant's guilty plea was accepted by County Court and arrangements were made for her to commence participation in the drug court program.

On May 8, 2006, defendant failed to appear in drug court and a bench warrant was issued for her arrest. Following her subsequent arrest on unrelated misdemeanor charges in Montgomery County, defendant was also arrested on the outstanding bench warrant and returned to Albany County. Defendant appeared in drug court on July 19, 2006 and, at a

subsequent appearance in that court, the matter was adjourned in order to afford defendant an opportunity to get reestablished in the drug court program. However, based upon defendant's arrests in April 2007 in the Town of Colonie, Albany County and in July 2007 in Ulster County, County Court held a drug court participation agreement violation hearing and found that the People had sustained their burden of establishing defendant's violation of the agreement. Defendant was thereafter sentenced as a predicate offender, in accordance with her plea agreement, to a prison term of 2 to 4 years. Defendant now appeals.

Defendant's contention that she did not knowingly, voluntarily and intelligently waive her right to appeal her underlying conviction or sentence is unpreserved for our review as she failed to move to withdraw her guilty plea or to vacate the judgment of conviction (*see People v Cintron*, 62 AD3d 1157, 1158 [2009], *lv denied* 13 NY3d 742 [2009]; *People v Terry*, 55 AD3d 1149, 1150 [2008], *lv denied* 11 NY3d 931 [2009]; *People v Scott*, 31 AD3d 816, 817 [2006]). Furthermore, the narrow exception to the preservation rule does not apply here, as defendant did not make any statement during the plea that cast doubt on her guilt or otherwise called into question the voluntariness of her plea (*see People v Brennan*, 62 AD3d 1167, 1168 [2009]). Nor, based on our review of the record, do we find any basis to exercise our interest of justice jurisdiction.

We discern no error in County Court's determination that the People met their burden of proving, by a preponderance of the evidence, defendant's violation of the conditions of her drug court participation agreement (*see* CPL 410.70 [3]; *People v Oehler*, 52 AD3d 955, 956 [2008], *lv denied* 11 NY3d 792 [2008]). The testimony of defendant's drug court case manager established that defendant failed to attend a scheduled drug court appearance in May 2006, resulting in the issuance of a bench warrant for her arrest. Defendant did not return to drug court until July 2006, when the bench warrant was executed upon her arrest on unrelated charges in another county. The testimony further established that, even after being given a second chance at participation in drug court, defendant was again arrested in April 2007.*

In addition, according to the testimony of two correction officers, defendant was arrested in July 2007 for contraband violations after allegedly attempting to smuggle narcotics into Eastern Correctional Facility in Ulster County. The correction

---

* While these charges stemmed from conduct predating defendant's participation in drug court, she failed to notify drug court of this police contact, as required by the participation agreement.

officers testified that defendant admitted to having quantities of heroin, cocaine, crack cocaine and marihuana on her person, in violation of her participation agreement. Moreover, defendant's failure to obtain prior permission from drug court to travel outside the jurisdiction (Albany County) constituted a violation of the participation agreement.

Defendant did not preserve her argument that she participated in the drug court program for a period exceeding the 18-month maximum set forth in the agreement (even discounting the periods of time in which defendant was allegedly in violation of the agreement) before being charged with violating such agreement, as she never objected to her continued participation in that program or raised this argument during the violation hearing or at her resentencing (*see* CPL 470.05 [2]; *People v Iannelli*, 69 NY2d 684, 685 [1986], *cert denied* 482 US 914 [1987]; *People v Sander*, 47 AD3d 1012, 1013 [2008], *lv denied* 10 NY3d 844 [2008]). Thus, we agree with County Court's conclusion that the People met their burden of proving defendant's violation of the participation agreement (*see People v Cannon*, 2 AD3d 898, 899 [2003], *lv denied* 2 NY3d 738 [2004]; *People v Brothers*, 268 AD2d 607, 608 [2000]) and that defendant should be resentenced accordingly.

Defendant's challenge to the effectiveness of counsel " 'is precluded by [her] valid appeal waiver except insofar as the alleged ineffectiveness could be construed to have impacted upon the voluntariness of [her] plea and, to that extent, the absence of a motion to withdraw the plea or vacate the judgment of conviction renders the matter unpreserved' " (*People v Jeske*, 55 AD3d 1057, 1058 [2008], *lv denied* 11 NY3d 898 [2008], quoting *People v Crudup*, 45 AD3d 1111, 1111 [2007]; *see People v Lopez*, 6 NY3d 248, 255 [2006]; *People v Phillips*, 41 AD3d 969, 970 [2007]). Similarly, defendant's valid waiver of her right to appeal precludes her from arguing that her sentence was harsh and excessive (*see People v Lopez*, 6 NY3d at 255-256; *People v Page*, 57 AD3d 1166, 1166-1167 [2008]; *People v Scott*, 31 AD3d at 817).

Defendant's remaining contentions, including those raised in her pro se supplemental brief, have been reviewed and found to be without merit.

Cardona, P.J., Peters, Lahtinen and Malone Jr., JJ., concur. Ordered that the judgment is affirmed.