■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK BEVILACQUA, Appellant. [936 NYS2d 397]—

Stein, J.

We affirm. The People have the burden of proving by a preponderance of the evidence that defendant violated a term of his probation (*see* CPL 410.70 [3]; *People v Rockefeller*, 79 AD3d 1527, 1527 [2010], *lv denied* 16 NY3d 862 [2011]). Probation violation hearings are summary in nature and evidence presented thereat may include hearsay, although that may not be the sole basis for the finding of a violation (*see People v DeMoney*, 55 AD3d 953, 954 [2008]; *People v Trathen*, 2 AD3d 1065 [2003], *lv denied* 1 NY3d 635 [2004]).

Here, the People met their initial burden of demonstrating that defendant violated a condition of probation by introducing

into evidence the terms of his probation, the report prepared by Warberg, the physical evidence confiscated from defendant's home* and the testimony of King. Although Warberg's report contained hearsay, the physical evidence, alone, was sufficient to demonstrate a violation. In addition, defendant admitted at the hearing that he was aware of the conditions of his probation and that he possessed prohibited materials at his house. Thus, the burden shifted to defendant to establish a justifiable excuse for his violation (see *People v Osborne*, 38 AD3d 1132, 1132 [2007], *lv denied* 9 NY3d 849 [2007]). To that end, defendant attempted to attribute his possession of the prohibited materials to King's failure to provide him with a time frame within which he had to rid his home of the materials, the quantity of items in his home that he had to sort through and his difficulty in disposing of the contraband. County Court explicitly found defendant's testimony in that regard to be incredible and, on our review of the record, we perceive no abuse of discretion and, therefore, decline to disturb County Court's determination that defendant failed to meet his burden of establishing a justifiable excuse for his violation of the terms of his probation (see *People v Oehler*, 52 AD3d 955, 956 [2008], *lv denied* 11 NY3d 792 [2008]; *People v Osborne*, 38 AD3d at 1132).

Defendant's remaining contentions have been considered and are without merit.

Spain, J.P., Malone Jr., McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.

---

* Defendant's argument that such evidence was illegally obtained and should have been suppressed is not preserved for our review in view of his failure to seek suppression of the items on the ground that they were the result of an illegal search (see *People v Soprano*, 27 AD3d 964, 965 [2006]).