Rose, J.P.
Appeal from a judgment of the County Court of Broome County (Felella, *1447 J.), rendered August 24, 2010, convicting defendant upon her plea of guilty of the crime of criminal sale of a controlled substance in the third degree.
Based upon allegations that defendant sold crack cocaine on two separate occasions, she was indicted on two counts of criminal sale of a controlled substance in the third degree. Eventually, she entered into a plea agreement whereby she agreed to participate in drug treatment court (hereinafter DTC). Defendant pleaded guilty to one count, sentencing was held in abeyance and, upon successful completion of the DTC program, the People agreed that they would move to vacate the plea and County Court would dismiss the charges. Defendant was fully informed that, if she failed to complete the DTC program, she faced a potential prison sentence of 12 years. Although one of the terms of the DTC contract required defendant to be truthful and notify the DTC team in the event that she possessed or used alcohol or other drugs, another term of the contract required defendant to comply with the conditions outlined in the DTC program handbook (see New York State Unified Court System, 6th Judicial District, Participant’s Handbook, available at http://www.nycourts.gov/courts/6jd/broome/binghamton/drug/ handbook.shtml [accessed May 2, 2012]).* One such condition requires participants to be honest with the court, the treatment providers and the rest of the DTC team, among others. In accepting defendant into the DTC program, County Court emphasized to her that it was “important ... to be honest with us and yourself and to work hard and to reach out for help if you need help,” and that “[t]he worst thing you can do is be dishonest and to make excuses and to lie and to engage in drug use.”
Nevertheless, starting in January 2010, defendant began to falsely represent to the DTC that she had been diagnosed with cancer and was undergoing chemotherapy treatment. Upon learning of defendant’s repeated dishonesty, County Court remanded defendant to jail and held a hearing in June 2010 to determine whether she should continue in the DTC program. At that inquiry, defendant admitted that she had betrayed her commitment to be honest and had repeatedly lied to County Court over an extended period of time regarding her medical condition and her treatment. She acknowledged that she did *1448 not have cancer and that she had manipulated the court, the DTC team and other participants with her elaborate fabrications. As a result, County Court discharged defendant from the program and sentenced her as a second felony offender to a prison term of five years, to be followed by three years of post-release supervision.
Defendant’s sole contention on her appeal is that she could not be discharged from the DTC program for violating the honesty condition in the DTC contract because her dishonesty was unrelated to the use or possession of alcohol or drugs. Defendant concedes that she has failed to preserve this issue for our review by failing to raise it before County Court (see People v Sander, 47 AD3d 1012, 1013 [2008], lv denied 10 NY3d 844 [2008]; People v Pike, 276 AD2d 649 [2000], lv denied 96 NY2d 737 [2001]; People v Miles, 268 AD2d 489, 490 [2000], lv denied 95 NY2d 800 [2000]). Accordingly, we decline to disturb County Court’s determination to discharge defendant from the DTC program (see People v Sander, 47 AD3d at 1013; People v Pickens, 45 AD3d 1187,1188 [2007], lv denied 10 NY3d 769 [2008]; People v Brothers, 268 AD2d 607, 608 [2000]).
Spain, Malone Jr., Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is affirmed.

 Although this handbook, which was relied upon by the People in their brief, is not included in the record on appeal, it is available on the official government Web site for the Unified Court System and, therefore, we will take judicial notice of it (see e.g. Matter of LaSonde v Seabrook, 89 AD3d 132, 137 n 8 [2011], lv denied 18 NY3d 911 [2012]).