■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CORBET D'ENTREMONT, Appellant. [945 NYS2d 448]—

Rose, J. Appeal from a judgment of the County Court of Rennselaer County (Jacon, J.), rendered March 16, 2011, which revoked defendant's probation and imposed a sentence of imprisonment.

Defendant pleaded guilty to the crime of criminal sexual act in the second degree and was sentenced to six months in jail to be followed by 10 years of probation, commencing in September 2009. The conditions of his probation required that he, among other things, maintain verifiable full-time employment and attend sex offender counseling. In February 2011, defendant was charged with violating these conditions. Following a violation hearing, County Court sustained the charges, revoked defendant's probation and sentenced him to three years in prison, to be followed by five years of postrelease supervision. Defendant appeals.

Defendant contends that the probation violations were not adequately proved at the hearing and, therefore, revocation was improper. It is well settled that such violations must be established by a preponderance of the evidence (*see* CPL 410.70 [3]; *People v Rockefeller*, 79 AD3d 1527, 1527 [2010], *lv denied* 16 NY3d 862 [2011]; *People v Pringle*, 72 AD3d 1629, 1629 [2010], *lv denied* 15 NY3d 855 [2010]). We find, upon reviewing the transcript of the violation hearing, that this standard was satisfied in this case.

During the 16-month period that defendant was on probation,

he failed to secure full-time employment for any period longer than three days. His probation officer testified that he discussed with defendant the importance of obtaining a job, but that defendant did not seem to undertake meaningful efforts to do so even after he was given time to grieve over the death of his son. For example, although defendant provided him with lists of job prospects, he failed to include the names, addresses and telephone numbers of the contact personnel. Significantly, the probation officer testified that he was never contacted by any potential employer about defendant's application for a job. Furthermore, he stated that, notwithstanding the employment challenges presented by a conviction for a sex offense, defendant was highly educated and 90% of the sex offenders he supervised were successful in securing jobs. Although defendant asserts that he suffers from a disability rendering him unable to work, there is simply nothing in the record to substantiate this claim.

As for defendant's failure to attend required sex offender counseling, defendant's counselor testified that he missed six sessions in 2009, five sessions in 2010 and two sessions in 2011. Although defendant maintained that many of his absences were necessitated by his need to care for his minor daughter who suffered from diabetes and was frequently hospitalized, the counselor stated that defendant never called in advance to advise of his need to miss a session and that, on other occasions, he provided a poor excuse or no excuse at all. Moreover, the counselor specifically warned defendant in January 2011 that any further absences would result in his immediate discharge from the program. Shortly thereafter, when a session was cancelled due to the weather, he told the counselor that he had had no intention of attending it in any event. The counselor then discharged him.

The foregoing evidence amply supports the revocation of defendant's probation. The testimony of defendant's daughter was limited and did not provide a compelling defense to the charges. County Court was entitled to discount such testimony, and we defer to its credibility determinations in this regard (*see People v Fusco*, 91 AD3d 984, 985 [2012]; *People v Cruz*, 35 AD3d 898, 899 [2006], *lv denied* 8 NY3d 845 [2007]). Therefore, we find no reason to disturb its findings.

Defendant further asserts that the sentence of imprisonment is harsh and excessive. We disagree. The plea was in satisfaction of a 15-count indictment alleging that the then 38-year-old defendant had forcibly subjected two boys who were 12 and 14 years of age to oral and anal sexual conduct and, in the process,

unlawfully imprisoned the 12 year old. We find no extraordinary circumstances nor any abuse of discretion warranting a reduction of the sentence in the interest of justice (*see generally People v Smith*, 84 AD3d 1592, 1592-1593 [2011]; *People v Osborne*, 38 AD3d 1132, 1132-1133 [2007], *lv denied* 9 NY3d 849 [2007]).

Mercure, J.P., Stein, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.