# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

956

KA 14-00759

PRESENT: SMITH, J.P., CARNI, LINDLEY, DEJOSEPH, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

CHRISTOPHER J. FREEMAN, DEFENDANT-APPELLANT.

---

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (CARA A. WALDMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (MELANIE J. BAILEY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Ontario County Court (Craig J. Doran, J.), rendered March 17, 2014. The judgment revoked defendant's sentence of probation and imposed a sentence of imprisonment.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant was convicted of driving while intoxicated as a class E felony (Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c] [i] [A]) and driving while intoxicated, per se, as a class E felony (§§ 1192 [2]; 1193 [1] [c] [i] [A]). The court initially imposed a sentence of two concurrent terms of imprisonment of one year, to be followed by five years of probation. Defendant served his sentence of imprisonment, and thereafter allegedly committed several violations of the terms and conditions of his probation. Following a hearing, County Court revoked the probation component of defendant's sentence and imposed concurrent, indeterminate terms of imprisonment of 1⅓ to 4 years. Defendant now appeals from the judgment associated therewith.

Contrary to defendant's contention, the court "properly determined that the People met their burden of establishing by a preponderance of the evidence that defendant violated the terms and conditions of his probation" (*People v Ortiz*, 94 AD3d 1436, 1436, *lv denied* 19 NY3d 999; *see* CPL 410.70 [3]; *People v Wheeler*, 99 AD3d 1168, 1169-1170, *lv denied* 20 NY3d 989). In addition to other evidence, the People offered testimony from defendant's probation officer and a police officer, both of whom "testified to their direct, personal knowledge of the facts and circumstances surrounding defendant's violation[s] of the terms of probation" (*People v Hogan*, 284 AD2d 655, 655-656, *lv denied* 97 NY2d 641).

Finally, we conclude that the sentence is not unduly harsh or severe.