People v Lister (2025 NY Slip Op 00700)

People v Lister

2025 NY Slip Op 00700

Decided on February 6, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 6, 2025

113273
[*1]The People of the State of New York, Respondent,
v
Danielle G. Lister, Also Known as Danielle G. Brundege-Lister, Appellant.

Calendar Date:January 6, 2025

Before:Garry, P.J., Pritzker, Ceresia, Powers and Mackey, JJ.

G. Scott Walling, Slingerlands, for appellant.
Shawn J. Smith, District Attorney, Delhi (Schuyler Konior Kinneman of counsel), for respondent.

Powers, J.
Appeal from a judgment of the County Court of Delaware County (Gary Rosa, J.), rendered January 22, 2021, which revoked defendant's probation and imposed a term of imprisonment.
Defendant waived indictment and agreed to be prosecuted pursuant to a nine-count superior court information charging her with various offenses. In full satisfaction of that instrument, defendant pleaded guilty to identity theft in the first degree, signed a drug treatment court contract, was sentenced to a five-year term of probation subject to various terms and was ordered to pay restitution. However, in March 2020, defendant was charged with violating her probation by failing to make the scheduled restitution payments and unilaterally modifying her dosage and/or usage of her prescribed medications. Following a hearing, County Court revoked defendant's probation and resentenced her to a prison term of 2&frac13; to 7 years. This appeal ensued.
We affirm. The People bore the initial burden of demonstrating, by a preponderance of the evidence, that defendant violated a condition of her probation (see CPL 410.70 [3]; People v Hakes, 168 AD3d 1214, 1214-1215 [3d Dept 2019]). As relevant here, the terms and conditions of defendant's probation required her to take all prescribed medications as directed unless modified by a licensed medical professional and to make the required restitution payments. Defendant admitted that she altered the dosage of various medications based upon her self-perceived needs. This, in conjunction with her treatment records, as well as the testimony of both her treating psychiatrist and her social worker, established that defendant unilaterally altered her prescribed dosage of certain medications despite being advised that she could not do so absent medical authorization. Such proof was sufficient to discharge the People's burden of proof on the violation petition and, therefore, "the burden shifted to defendant to establish a justifiable excuse for [her] violation" (People v Bevilacqua, 91 AD3d 1120, 1121 [3d Dept 2012]; see People v Osborne, 38 AD3d 1132, 1132 [3d Dept 2007], lv denied 9 NY3d 849 [2007]).
Although defendant contended that she deviated from her prescribed medications and/or dosages either to manage the alleged side effects of the medications or because of the difficulties she purportedly encountered in obtaining an appointment with her treatment providers, we cannot say that County Court abused its discretion in finding such explanations to be insufficient to excuse defendant's admitted alteration of her prescription drug regimen (see generally People v Bevilacqua, 91 AD3d at 1121; People v Osborne, 38 AD3d at 1132). We now turn to defendant's failure to make the required restitution payments. Even assuming, without deciding, that defendant's present claim — that County Court failed to conduct a sufficient inquiry into her ability to pay — is preserved for our review and, further, that such claim has merit, we are satisfied that the remaining [*2]sustained violations were sufficient to warrant revocation of defendant's probation (see People v Tunnell, 192 AD3d 1276, 1276 [3d Dept 2021]).
Contrary to the People's assertion, the waiver of appeal executed by defendant in connection with her initial guilty plea — even if otherwise valid — did not encompass any potential probation violations, and defendant did not separately waive her right to appeal in the context thereof. Accordingly, defendant is not precluded from challenging the severity of the resentence imposed (see e.g. People v Hutchins, 215 AD3d 1144, 1145 [3d Dept 2023], lv denied 40 NY3d 929 [2023]). That said, given defendant's persistence in self-medicating after she repeatedly was advised that she could not unilaterally alter her dosage or use of the prescribed medications, we do not find the resentence imposed to be unduly harsh or severe (see CPL 470.15 [6] [b]), particularly considering defendant's prior history of noncompliance while on probation. Defendant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Pritzker, Ceresia and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.