■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL CANGIALOSI, Appellant. [716 NYS2d 210] —Judgment unanimously reversed on the law, declaration of delinquency vacated and sentence of probation reinstated. Memorandum: The People did not sustain their burden of proving by a preponderance of the evidence that defendant violated a condition of probation (*see,* CPL 410.70 [3]). The only material evidence offered was the transcript of prior testimony at the underlying criminal trial.

Although the transcript was admissible at the probation violation hearing (*see,* CPL 410.70 [3]), it did not qualify as competent evidence under the former testimony exception to the hearsay rule (*see generally,* Prince, Richardson on Evidence § 8-513 [Farrell 11th ed]), and thus the People failed to meet their burden of proof (*see, People v Owens,* 258 AD2d 901, *lv denied* 93 NY2d 975; *People v Usher,* 80 AD2d 730).

Defendant further contends that the 15-month delay between the filing of the declaration of delinquency and the violation hearing denied him the right to a prompt hearing (*see,* CPL 410.70 [1]). We disagree. Defendant requested a postponement of the violation hearing until such time as the criminal charges were presented to the Grand Jury and his suppression motions were decided. Defendant also indicated that a further adjournment was needed to enable him to obtain the transcripts of the suppression hearing and trial. Under the circumstances, defendant was not denied his right to a prompt hearing. (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.— Violation of Probation.) Present—Green, J. P., Pine, Wisner, Kehoe and Balio, JJ.