■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH S. HARRIS, Appellant. [752 NYS2d 916] —Carpinello, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered October 22, 2001, which revoked defendant's probation and imposed a sentence of imprisonment.

On December 22, 1999, defendant was sentenced to, inter alia, five years' probation after pleading guilty to attempted burglary in the second degree and escape in the second degree. Between April 2000 and February 2001, defendant's probation officer filed three petitions alleging a violation of probation after defendant was charged with criminal possession of a weapon in the fourth degree, rape in the first degree and robbery in the second degree. In addition, a declaration of delinquency was filed on August 8, 2000. Following a jury trial, defendant was convicted of rape in the first degree and sentenced to a five-year term of imprisonment. Subsequently, County Court commenced a hearing on the violation petitions at which it took judicial notice of the rape conviction and heard testimony with regard to the robbery charge. On June 27, 2001, defendant was adjudicated in violation of probation, which was then revoked, and he was sentenced to 1⅓ to 4 years' imprisonment, to run consecutively with the five-year term on his rape conviction.

Defendant argues that the 10-month delay between the filing of the declaration of delinquency and the violation hearing denied him the right to a prompt hearing as required by CPL 410.70 (1). We disagree. Defendant's hearing was delayed not only by his requests to have substitute counsel appointed and for additional time to consider a plea offer, but also by the filing of the robbery charge and subsequent amendment to the violation report (*see People v Cangialosi*, 277 AD2d 897). In addition, County Court waited until defendant's rape trial was fully adjudicated before proceeding with the revocation hearing. Noting that trial courts are empowered with considerable

discretion in handling probation revocation hearings and in managing their dockets in general (*see People v Brewer*, 91 NY2d 999, 1000), we reject defendant's contention that he was not provided a prompt hearing.

Crew III, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.