■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM L. SPRIGGS, Appellant. [779 NYS2d 146]—Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered August 4, 2003, which revoked defendant's probation and imposed a sentence of imprisonment.

Defendant pleaded guilty to driving while intoxicated in full satisfaction of an indictment charging him with that crime as well as aggravated unlicensed operation of a motor vehicle. He waived his right to appeal. Defendant was placed on probation for a period of five years and subject to certain conditions, including that he abstain from using alcohol and obtain alcohol and substance abuse treatment. Thereafter, he violated the terms of his probation by using alcohol on more than one occasion, being discharged from an outpatient treatment center for noncompliance and refusing to comply with the recommendation that he enter an inpatient treatment center. A declaration of delinquency was issued. Defendant thereafter admitted to the probation violations and agreed to participate in the inpatient treatment program, and later a halfway house, while County Court held the matter in abeyance. However, when defendant was discharged from the halfway house for using alcohol, County Court revoked his probation and imposed upon him a prison term of 1 to 4 years.

Defendant's sole contention on appeal is that County Court's imposition of a 1 to 4-year prison term following the revocation of his probation is harsh and excessive. We disagree. Defendant's criminal history is replete with alcohol offenses, including four convictions for driving while intoxicated or ability impaired dating back to 1980. He has been diagnosed with alcohol dependency, but has been unsuccessful in dealing with his problem despite the many treatment options made available to him over the course of nearly three years. Unfortunately, incarceration seems to be the only reasonable alternative. Defendant's claimed mental disease does not persuade us to the contrary since the terms of probation included necessary psychiatric treatment and the record reveals that he was competent during all of the proceedings. Thus, we find no abuse of discretion or extraordinary circumstances warranting a reduction of the sentence in the interest of justice (*see People v Berry*, 288 AD2d 501 [2001]; *People v McNeil*, 268 AD2d 611, 612 [2000]).

Cardona, P.J., Mercure, Spain, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.