◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH F. PARSONS, III, Appellant. [789 NYS2d 451]—

Cardona, P.J. Appeal from a judgment of the County Court of Delaware County (Becker, J.), entered March 17, 2003, which revoked defendant's probation and imposed a sentence of imprisonment.

Defendant was convicted of reckless endangerment in the first degree and aggravated unlicensed operation of a motor vehicle in the first degree and, on February 27, 2002, was sentenced to five years' probation. In January 2003, defendant was charged with violating the terms of his probation by, on more than one occasion, possessing and consuming alcohol, failing to report to his probation officer, being twice arrested and failing to make required restitution payments. After a hearing, County Court determined that defendant had violated the terms of his probation and sentenced him to concurrent prison terms of 1 to 3 years upon his aggravated unlicensed operation conviction and 2 to 6 years upon his reckless endangerment conviction, resulting in this appeal.

Defendant's admissions at the hearing that he committed the violations as charged were sufficient to establish by a preponderance of the evidence that defendant violated the terms of his probation (*see* CPL 410.70 [3]; *People v Romeo*, 9 AD3d 744, 745

[2004]; *People v Meyer*, 1 AD3d 721 [2003], *lv denied* 1 NY3d 631 [2004]). As there is no evidence that County Court abused its discretion, its decision to revoke defendant's probation will not be disturbed (*see People v Murray*, 12 AD3d 838, 840 [2004]; *People v Barber*, 280 AD2d 691, 694 [2001], *lv denied* 96 NY2d 825 [2001]). Furthermore, given the lack of extraordinary circumstances warranting a reduction, we find the imposition of aggregate prison terms of 2 to 6 years neither harsh nor excessive (*see People v Rowland*, 11 AD3d 825, 825-826 [2004]; *People v Spriggs*, 8 AD3d 833, 833 [2004], *lv denied* 3 NY3d 681 [2004]; *People v Potter*, 6 AD3d 813, 814 [2004]).

Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.