(June 23, 2005)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNELL LEE WILLIAMS, Appellant. [797 NYS2d 611]—

Mugglin, J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered October 5, 2000, which revoked defendant's probation and imposed a sentence of imprisonment.

Defendant pleaded guilty to attempted criminal possession of a controlled substance in the third degree and was sentenced to five years' probation. Shortly thereafter, defendant failed to report to his probation officer and comply with other conditions of his probation, and a violation of probation petition was filed. On September 2, 1999, a declaration of delinquency was issued by County Court. In the meantime, unbeknownst to the Department of Probation, defendant had been convicted of two additional felonies in Kings County and was incarcerated. Defendant was released, and on August 30, 2000, nearly a year after the declaration of delinquency was issued, defendant was arraigned on the probation violation petition. A few weeks later, defendant, appearing with assigned counsel, admitted to violat-

ing the terms of his probation. Prior to sentencing, defendant's probation officer acknowledged that defendant's violation status could have been resolved earlier as she had learned that defendant was incarcerated at Riker's Island in late September 1999 and recommended that defendant be "granted credit for the time [he] served since September 1999." County Court subsequently sentenced defendant to a prison term of 3 to 9 years with credit for "only such time as the law allows." This appeal followed.

Defendant's claim that he was denied a prompt hearing on the violation of probation petition (*see* CPL 410.30) is not preserved for appellate review by his failure to raise this issue at the probation violation hearing (*see* CPL 470.05 [2]; *People v Douglas*, 94 NY2d 807, 808 [1999]; *People v Frierson*, 1 AD3d 711, 711 [2003]).

Contrary to defendant's other contention on appeal, we find no abuse of discretion or extraordinary circumstances warranting a reduction of the sentence in the interest of justice, particularly given defendant's continued criminal conduct and his repeated violations of the terms of his probation (*see People v Parsons*, 15 AD3d 728, 729 [2005]; *People v Chaires*, 1 AD3d 630, 631 [2003]; *People v Bell*, 255 AD2d 836, 836 [1998], *lv denied* 93 NY2d 966 [1999]). Accordingly, we find no reason to disturb the judgment of conviction.

Cardona, P.J., Mercure, Crew III and Carpinello, JJ., concur. Ordered that the judgment is affirmed.