■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESSE R. BENDER, Appellant. [805 NYS2d 443]—

Peters, J. Appeal from a judgment of the County Court of St. Lawrence County (Rogers, J.), rendered October 7, 2004, which revoked defendant's probation and imposed a sentence of imprisonment.

In May 2003, after pleading guilty to a charge of criminal contempt in the first degree grounded upon a violation of an order of protection concerning defendant's paramour, defendant was sentenced to five years probation. A permanent order of

protection was issued to prevent defendant from harassing, annoying or alarming her. In June 2004, a declaration of delinquency was filed, alleging that defendant violated his probation. After a hearing, County Court revoked defendant's probation and sentenced him to a prison term of 1 to 3 years. Defendant appeals and we affirm.

Addressing the statutory requirement of a prompt hearing (see CPL 410.70 [1]), the record demonstrates that there was neither a statutory nor due process violation (see People v Harris, 301 AD2d 753, 753-754 [2003], lv denied 99 NY2d 629 [2003]) because defendant's hearing was delayed as a result of his own requests.* With respect to those contentions alleging calendaring delays, we find that County Court properly exercised its discretion in managing its docket (see People v Brewer, 91 NY2d 999, 1000 [1998]).

As to the merits, defendant's admissions at the hearing were sufficient to establish, by a preponderance of the evidence, that he violated the terms of his probation (see People v Parsons, 15 AD3d 728, 728 [2005]; People v Romeo, 9 AD3d 744, 745 [2004]). Further finding neither an abuse of discretion nor extraordinary circumstances warranting a reduction in defendant's sentence (see People v Perkins, 5 AD3d 801, 804 [2004], lv denied 3 NY3d 741 [2004]; People v Meyer, 1 AD3d 721, 721 [2003], lv denied 1 NY3d 631 [2004]), we affirm.

Crew III, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.

---

* One request was to have more time to consider a plea offer and the other request was in connection with a substitution of counsel.