■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT E. GARNER, Appellant. [812 NYS2d 712]—Appeal from a judgment of the County Court of Otsego County (Coccoma, J.), rendered January 31, 2005, which revoked defendant's probation and imposed a sentence of imprisonment.

In January 2003, defendant pleaded guilty to felony driving while intoxicated and was sentenced to five years of probation, during which time he was to participate in the Otsego County Drug Court program. In January 2004 and February 2004, he was charged with violating certain conditions of his probation by using nonprescription drugs and alcohol on more than one occasion. Defendant admitted to violating his probation and County Court agreed to resentence him to no more than 1¹/₃ to 4 years in prison. Resentencing was adjourned until April 2004 and defendant was continued on probation during this time. Thereafter, resentencing was further adjourned until November 2004 to allow defendant time to complete an inpatient treatment program. In November 2004, after defendant was released from the program, County Court again adjourned resentencing until December 20, 2004. Defendant violated the terms of his probation when he was arrested on December 1, 2004 and charged with assault in the third degree. In January 2005, County Court revoked defendant's probation and resentenced him to 1 to 3 years in prison on the original charge. Defendant appeals.

We find no merit to defendant's sole claim that the sentence imposed by County Court is harsh and excessive. Defendant has a lengthy criminal record characterized by alcohol-related offenses and was provided numerous opportunities to seriously address his addiction before County Court resentenced him to prison. On the record before us, we find no abuse of discretion or extraordinary circumstances warranting a reduction of the sentence in the interest of justice (*see e.g. People v Spriggs*, 8 AD3d 833 [2004], *lv denied* 3 NY3d 681 [2004]; *People v Smith*, 301 AD2d 744, 745 [2003]).

Crew III, J.P., Carpinello, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.