■ The People of the State of New York, Respondent, v Rebekah F. Stephens, Appellant. [857 NYS2d 375]—Stein, J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered April 27, 2007, convicting defendant upon her plea of guilty of the crime of identity theft in the second degree.

Defendant waived indictment and, pursuant to a negotiated plea agreement, pleaded guilty to a superior court information charging her with identity theft in the second degree. Following an adjournment, defendant was sentenced to one year in the local jail and ordered to pay restitution in the amount of $1,743.76, plus the statutory surcharge. Defendant now appeals, contending that the restitution order should be vacated.

We affirm. To the extent that defendant challenges the amount of restitution ordered, defendant's failure to request a hearing or otherwise contest that sum at sentencing renders this claim unpreserved for our review (see People v Snyder, 38 AD3d 1068, 1069 [2007]; People v Hayward, 31 AD3d 1195, 1195-1196 [2006]; People v Williams, 28 AD3d 1005, 1011 [2006], lv denied 7 NY3d 819 [2006]; People v Melino, 16 AD3d 908, 911 [2005], lv denied 5 NY3d 791 [2005]). Were we to reach this issue, we would observe that although there initially was some dispute as to the amount of restitution to be ordered,

sentencing was adjourned to explore this issue, the People subsequently requested that the restitution order be amended, defense counsel indicated defendant's acceptance of the revised figure and the record as a whole supports the amount of restitution awarded.

As for defendant's related claims that she lacked the capacity to agree to the restitution ordered because she was under the influence of certain prescription medication at the time of sentencing and that she was denied the effective assistance of counsel because counsel allegedly failed to, among other things, adequately explain the basis for the amount of restitution imposed, we need note only that there is nothing in the sentencing minutes that raises any questions regarding defendant's mental clarity or capacity at the time the revised restitution figure was agreed upon. In any event, defendant's claims in this regard are more appropriately pursued via a CPL article 440 motion (*see People v McKeney*, 45 AD3d 974, 975 [2007]; *People v Bonelli*, 41 AD3d 972, 973 [2007], *lv denied* 9 NY3d 921 [2007]).

Peters, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.