■ The People of the State of New York, Respondent, v Patrick Dickson Jr., Appellant. [867 NYS2d 216]—Kane, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered March 23, 2006, convicting defendant upon his plea of guilty of the crimes of arson in the second degree, arson in the third degree (three counts), reckless endangerment in the first degree, burglary in the third degree and criminal mischief in the second degree (four counts).

Defendant, formerly a volunteer firefighter, was charged in a 10-count indictment with arson in the second degree, arson in the third degree (three counts), reckless endangerment in the first degree, burglary in the third degree and criminal mischief in the second degree (four counts) stemming from incidents wherein defendant set fire to four structures in Ulster County between May 2005 and July 2005. Defendant ultimately pleaded guilty to all counts and was sentenced to concurrent prison terms of 10 years for arson in the second degree, followed by five years of postrelease supervision, and 2 to 6 years on each of the remaining counts. Additionally, defendant was ordered to pay restitution. Defendant now appeals, contending that the sentence imposed was harsh and excessive and that County Court erred in ordering restitution without conducting a hearing.

With regard to sentencing, County Court imposed the agreed-

upon sentence and our review of the record fails to disclose either an abuse of discretion or the existence of extraordinary circumstances warranting a reduction of the sentence in the interest of justice (*see People v Ensley*, 53 AD3d 929, 930 [2008]). Contrary to defendant's assertion, his personal difficulties and remorse were well documented in the presentence investigation report.

As to the issue of restitution, the People correctly note that where a defendant is apprised of the sum to be awarded and fails to contest that amount at sentencing or request a hearing, any challenge to the actual amount of restitution is unpreserved for our review (*see People v Stephens*, 51 AD3d 1225 [2008]; *People v Golgoski*, 40 AD3d 1138 [2007]; *People v Snyder*, 38 AD3d 1068, 1069 [2007]). Here, however, the total amount of restitution to be awarded was not resolved prior to sentencing (*compare People v Stephens*, 51 AD3d at 1225-1226).* Moreover, the uniform sentence and commitment order is silent as to the amount of restitution ordered, and no order of restitution appears in the record on appeal; indeed, this Court has been advised that no such order exists. Under these circumstances, defendant cannot be said to have waived any objection in this regard (*compare People v Milazo*, 33 AD3d 1060, 1061 [2006], *lv denied* 8 NY3d 883 [2007]) and, plainly, this Court cannot review the propriety of such an award when the actual amount of restitution ordered is unknown. Accordingly, this matter must be remitted to County Court for a restitution hearing.

Peters, J.P., Rose, Lahtinen and Malone Jr., JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as ordered defendant to pay restitution; matter remitted to the County Court of Ulster County for a hearing on restitution; and, as so modified, affirmed.

---

* The People submitted documentation from two insurance companies showing payments to their insureds totaling $122,375.52. One of the insureds, however, appeared at sentencing and requested an additional $12,695. Although County Court expressed a willingness to increase the amount of restitution by that sum, it was unclear whether all or part of the additional money requested was covered by the prior insurance settlement paid to that individual. Accordingly, County Court indicated that the relevant insurance company would have to provide a breakdown of the payout, at which point the court and the prosecutor would revisit the issue. No resolution of that discussion/issue appears in the record.