■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN E. BUSKEY, Appellant. [880 NYS2d 716]—

Spain, J. Appeal from a judgment of the Supreme Court (Lawliss, J.), rendered May 19, 2008 in Clinton County, convicting defendant upon his plea of guilty of the crime of endangering the welfare of a child.

As a result of allegations by a 15-year-old girl that defendant had sexual contact with her in October 2007, defendant was charged with third degree sexual abuse and endangering the welfare of a child. Defendant thereafter pleaded guilty to endangering the welfare of a child* and was sentenced to a 60-day jail term and three years of probation. Defendant now appeals, and we affirm.

Defendant's challenge to his plea as involuntary is unpre-

---

* The People's brief on appeal incorrectly states that defendant also entered a guilty plea to sexual abuse in the third degree. Defendant's brief similarly misstates that defendant waived his appeal rights, which we note was never discussed on this record, and that defendant faced a potential eight-year prison sentence for "taking[ ] nominal amounts of property," assertions which have no relationship whatsoever to defendant's case.

served, given that he never moved to withdraw it or to vacate the judgment of conviction (*see People v Creech*, 56 AD3d 899, 900 [2008]), and a review of the plea proceedings reveals that the narrow exception to the preservation requirement is inapplicable here (*see People v Lopez*, 71 NY2d 662, 666 [1988]). In any event, the record of the plea colloquy discloses that defendant was advised of the rights he was foregoing by the plea and the consequences thereof, of his sentencing exposure and that County Court made no sentencing promise, that he had discussed his plea with his attorney, and had not been coerced or promised anything; defendant admitted that he had in fact purposefully had sexual contact with the minor's vaginal area as alleged (*see People v Kennedy*, 46 AD3d 1099, 1100 [2007], *lv denied* 10 NY3d 841 [2008]). No further factual or crime element recitation were necessary (*see People v Seeber*, 4 NY3d 780, 781 [2005]), and his assertion that he felt pressured into entering a plea amounts to " 'situational coercion,' " which is unavailing (*People v Simmons*, 27 AD3d 786, 786 [2006], *lv denied* 7 NY3d 763 [2006], quoting *People v Seaberg*, 74 NY2d 1, 8 [1989]).

Most of defendant's claims of being denied the effective assistance of trial counsel, for example, by counsel's failure to discuss his options or possible defenses, were not raised before County Court and are outside the record and, as such, should more properly be the subject of a CPL article 440 motion (*see People v Anthony*, 52 AD3d 864, 866 [2008], *lv denied* 11 NY3d 733 [2008]; *People v Swartz*, 23 AD3d 917, 918 [2005], *lv denied* 6 NY3d 818 [2006]). The record otherwise reflects that counsel negotiated a favorable plea agreement and that, under the totality of the circumstances, defendant received meaningful representation (*see People v Anderson*, 38 AD3d 1061, 1062-1063 [2007], *lv denied* 8 NY3d 981 [2007]). Indeed, during the plea colloquy, defendant expressed satisfaction with counsel's representation and with his opportunity to discuss the matter with counsel, who had answered all of his questions (*see People v Terry*, 55 AD3d 1149, 1150 [2008], *lv denied* 11 NY3d 931 [2009]).

Finally, defendant has already served his jail sentence, rendering his harsh and excessive claim moot to that extent (*see People v La Motte*, 285 AD2d 814, 817 [2001]). Defendant's remaining claims are also unpersuasive.

Cardona, P.J., Mercure, Lahtinen and Malone Jr., JJ., concur. Ordered that the judgment is affirmed.

