■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BEN S. MAINVILLE, Appellant. [911 NYS2d 268]—

McCarthy, J. Appeal from a judgment of the Supreme Court (Lawliss, J.), rendered April 27, 2009 in Clinton County, which revoked defendant's probation and imposed a sentence of imprisonment.

Defendant was convicted of attempted assault in the third degree and endangering the welfare of a child, and Supreme Court sentenced him to a three-year term of probation and issued an order of protection directing him to refrain from criminal conduct directed toward his paramour and children. Among the terms of probation were conditions forbidding defendant from committing another offense and requiring him not only to comply with the order of protection, but also to "refrain from any and all intimidating, threatening and abusive behavior." Shortly thereafter, defendant was arrested and charged with criminal contempt in the first degree arising from his failure to obey the order of protection. A probation violation petition was also filed and, following a hearing, Supreme Court found that defendant had violated the terms of his probation. Supreme Court then revoked defendant's probation, resentenced him to an aggregate jail term of one year and issued a new order of protection. Defendant now appeals.

We affirm. The record supports Supreme Court's findings that defendant became involved in an altercation with his two teenage daughters and screamed that they were "sluts" and "whores" (*see People v Spady*, 25 AD3d 881, 882 [2006]; *People v Bower*, 9 AD3d 603, 603-604 [2004], *lv denied* 3 NY3d 704 [2004]). Indeed, defendant does not seriously dispute that a preponderance of the evidence supports the finding that he

violated the terms of his probation, but rather argues that he had a justifiable excuse for doing so. Assuming that this argument is properly before us, it was incumbent upon defendant to establish such an excuse; he asserts that his actions were provoked by his daughters' unruly behavior (see People v· Osborne, 38 AD3d 1132, 1132 [2007], lv denied 9 NY3d 849 [2007]; People v Costanza, 281 AD2d 120, 123 [2001], lv denied 96 NY2d 827 [2001]). Suffice it to say, we are unpersuaded that defendant's response to his children's provocations demonstrated either that "he acted in good faith in carrying out the terms of his probation or that the violation was because of factors beyond his control" (People v Costanza, 281 AD2d at 124; see People v Frierson, 1 AD3d 711, 712 [2003]).

Defendant also claims that the jail sentence imposed was harsh and excessive but, inasmuch as he has completed serving that sentence, his argument is moot (see People v Buskey, 62 AD3d 1164, 1165 [2009]; People v Regan, 233 AD2d 615, 615-616 [1996]).

Cardona, P.J., Rose, Lahtinen and Malone Jr., JJ., concur. Ordered that the judgment is affirmed.