■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL A. NIEVES, Appellant. [933 NYS2d 137]—

---

Garry, J.

Defendant waived indictment and, in satisfaction of a superior court information, pleaded guilty to criminal possession of stolen property in the fourth degree. Pursuant to the plea agreement, defendant would be sentenced to a split sentence of five years of probation, a maximum of four weekends in jail, and he would be required to pay restitution. County Court admonished defendant that the split sentence was contingent on defendant fully cooperating with the Probation Department and appearing for sentencing on the time and date specified by the court, and that if he failed to abide by these conditions, it would not be bound by the plea agreement. Defendant failed to respond to the Probation Department's request for an interview nor did he appear at the time required on the date of sentencing, and a bench warrant was issued. County Court thereafter sentenced defendant to 10 months in jail and required defendant to pay restitution. Defendant now appeals.

We affirm. Defendant's claim that he was denied the effective assistance of counsel is without merit. "In the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt upon the apparent effectiveness of counsel" (*People v Singletary*, 51 AD3d 1334, 1335 [2008], *lv denied* 11 NY3d 741 [2008] [internal quotation marks and citations omitted]). Here, counsel secured a favorable plea deal that required a minimum amount of jail time. Further, there is nothing in the record to indicate that defendant was unable to understand the plea proceedings or was unable to abide by the conditions of the plea agreement due to mental illness. Contrary to defendant's contention, counsel's failure to request a hearing at sentencing to evaluate defendant's mental condition did not deprive him of the effective assistance of counsel (*see People v Lafoe*, 75 AD3d 663, 663-664 [2010], *lv denied* 15 NY3d 953 [2010]; *People v Stephens*, 51 AD3d 1225, 1226 [2008]). We further note counsel's argument, prior to sentencing, that there were mitigating circumstances surrounding defendant's failure to abide by the conditions that were imposed pending sentencing, including defendant's mental condition, as well as his failure to receive any notice from the Probation Department concerning the presentence interview and problems securing transportation. Under these circumstances, we find that defendant was afforded meaningful representation. Defendant has

completed his sentence during the pendency of his appeal, rendering his remaining claim that his sentence was harsh and excessive moot (*see People v Planty*, 85 AD3d 1317, 1318-1319 [2011], *lv denied* 17 NY3d 820 [2011]; *People v Gagnier*, 29 AD3d 1081 [2006]).

Peters, J.P., Lahtinen, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed.