■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JENNIE FUSCO, Appellant. [936 NYS2d 360]—

Stein, J.

We reject defendant's contention that County Court abused its discretion in revoking her probation and imposing a term of incarceration. Defendant testified that, although she admittedly had failed to make the required monthly payments, she had worked out an agreement with her probation officer that she could make up for her failure by making subsequent double payments without being in violation of her probation. However, her probation officer denied that such an agreement existed. It is well settled that a violation of probation proceeding is summary in nature, and County Court's credibility determinations thereat are entitled to great deference (*see People v DeMarco*, 60 AD3d 1107, 1108 [2009]). Inasmuch as defendant admitted during the hearing that she had violated a condition of her probation, we find that County Court's finding of a violation was supported by a preponderance of the evidence (*see* CPL 410.70 [3]; *People v Bender*, 24 AD3d 819, 820 [2005]; *People v Parsons*, 15 AD3d 728, 728 [2005]). Accordingly, County Court was authorized to revoke defendant's probation and sentence her for the original crime (*see* CPL 410.70 [5]; *People v Costanza*, 36 AD3d 829, 830 [2007], *lv denied* 8 NY3d 945 [2007]). Because defendant has completed her sentence, her claim that her jail sentence was harsh and excessive is moot (*see People v Mainville*, 78 AD3d 1421, 1422 [2010], *lv denied* 16 NY3d 833 [2011]; *People v Buskey*, 62 AD3d 1164, 1165 [2009]).

Defendant's remaining contentions have been considered and are found to be without merit.

Spain, J.P., Lahtinen, Malone Jr. and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.