■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN G. OLMSTEAD, Appellant. [975 NYS2d 360]—

Peters, P.J. Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered August 15, 2012, which revoked defendant's probation and imposed a sentence of incarceration.

In 2011, defendant pleaded guilty to misdemeanor driving while intoxicated and was sentenced to 30 days in jail and three years of probation. He was also ordered to pay a $1,000 fine as well as fees and surcharges. After defendant admitted to violating conditions of his probation, his probationary sentence was vacated and he was sentenced to one year in jail, with the unpaid fine, surcharges and fees remaining as part of his sentence. Defendant appeals.

Because defendant has completed serving his one-year jail term, his sole claim on this appeal—that the jail time imposed was harsh and excessive—is moot (see People v Fusco, 91 AD3d 984, 985 [2012]; People v Nieves, 89 AD3d 1285, 1287 [2011]). However, given our finding in a companion appeal that County Court may have misapprehended its ability to exercise discretion when it imposed a fine as part of defendant's original sentence on the driving while intoxicated conviction (People v Olmstead, 111 AD3d 1063 [2013] [decided herewith]), and inasmuch as that fine remained part of defendant's sentence upon his violation of probation, we must vacate that portion of the sentence herein that continued the fine and remit the matter for further proceedings on this issue.

Stein, McCarthy and Spain, JJ., concur. Ordered that the judgment is modified, on the law, by vacating that portion of the sentence that continued the fine; matter remitted to the County Court of St. Lawrence County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.