Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:  November 20, 2014                104704
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

JAY RODWELL,
                        Appellant.
_____

Calendar Date:  October 7, 2014

Before:  Lahtinen, J.P., Stein, McCarthy, Rose and Clark, JJ.

_____

        James P. Milstein, Public Defender, Albany (Theresa M. Suozzi of counsel), for appellant.

        P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for respondent.

_____

Stein, J.

        Appeal from a judgment of the Supreme Court (Lamont, J.), rendered March 25, 2011 in Albany County, upon a verdict convicting defendant of the crime of criminal possession of a weapon in the fourth degree.

        On October 16, 2009, police officers were dispatched to the 300 block of First Street in the City of Albany in response to a report of shots fired.  A resident of the neighborhood informed the officers that he had observed individuals that he believed were involved in the shooting enter a two-family house located at 330 First Street.  Two officers were assigned to the back of the house while two other officers knocked on the front door.  One of the officers located in the back of the house was looking in the

rear window when he observed defendant — who he knew from previous interactions — and another individual go into the basement and return a brief time later. A subsequent search of the basement revealed a 9 millimeter pistol, a box of 9 millimeter ammunition and a .22 caliber rifle hidden in a sump well. Defendant was thereafter charged with criminal possession of a weapon in the second degree regarding the pistol and criminal possession of a weapon in the fourth degree regarding the rifle. Following a jury trial, defendant was acquitted of criminal possession of a weapon in the second degree, but was found guilty of criminal possession of a weapon in the fourth degree, a misdemeanor (see Penal Law § 265.01 [1]). Supreme Court thereafter sentenced defendant to six months in jail. Defendant now appeals and we affirm.

We reject defendant's contention that the verdict is not based upon legally sufficient evidence or that it is not in accord with the weight of the evidence. A person is guilty of criminal possession of a weapon in the fourth degree when such person "possesses any firearm" (Penal Law § 265.01 [1]). As relevant here, a firearm is defined as "any weapon made from a shotgun or rifle whether by alteration, modification, or otherwise if such weapon as altered, modified, or otherwise has an overall length of less than [26] inches" (Penal Law § 265.00 [3] [d]). It is undisputed that the subject rifle had been altered by the removal of the rifle stock, resulting in the weapon measuring 24½ inches in length.

As to possession, "'[w]here, as here, the People proceed upon the theory of constructive possession, they bear the burden of establishing that defendant exercised dominion and control over the contraband or the area where the contraband was found'" (People v Perry, 116 AD3d 1253, 1254 [2014], quoting People v Dawson, 110 AD3d 1350, 1352 [2013], lv denied 23 NY3d 1035 [2014]; see People v Stewart, 95 AD3d 1363, 1364 [2012], lv denied 19 NY3d 1001 [2012]). Such possession "may be established through either direct or circumstantial evidence, and may be found even though others have access to the contraband or the area where it is located" (People v Perry, 116 AD3d at 1254; see People v Pinkney, 90 AD3d 1313, 1314-1315 [2011]).

Here, the trial evidence established that defendant was seen entering the basement moments before the rifle was discovered there. Moreover, the manager of a sporting goods store testified that the serial number of the rifle matched that of a rifle that he had sold to defendant a month prior to this incident. Despite the fact that others had access to the basement, when we view the evidence presented in the light most favorable to the People, we conclude that it was legally sufficient to establish that defendant constructively possessed the rifle (see People v Stewart, 95 AD3d at 1364; People v Pinkney, 90 AD3d at 1315). Further, even if a different verdict would not have been unreasonable, viewing the evidence in a neutral light and according appropriate deference to the jury's credibility determinations, we do not find the verdict to be against the weight of the evidence (see People v Bleakley, 69 NY2d 490, 495 [1987]; People v Perry, 116 AD3d at 1255; People v Pinkney, 90 AD3d at 1315).

We also reject defendant's contention that Supreme Court should have suppressed oral and written statements he made to police. "Whether a statement is voluntary is a factual question to be determined from the totality of the circumstances" (People v Heesh, 94 AD3d 1159, 1160 [2012], lv denied 19 NY3d 961 [2012] [citations omitted]; see People v Mattis, 108 AD3d 872, 874 [2013], lvs denied 22 NY3d 957 [2013]). Here, the record establishes that defendant was read his Miranda rights before making any statements, and he acknowledged that he understood his rights, made no request to speak to an attorney and agreed to speak to the police investigators. His statements were later memorialized in a written document, which defendant read and signed, again acknowledging his understanding of his rights and that his statements were voluntary. Thus, Supreme Court properly determined that defendant's statements were voluntarily made (see People v Whitted, 117 AD3d 1179, 1181 [2014], lv denied 23 NY3d 1026 [2014]; People v Mattis, 108 AD3d at 874; People v Tompkins, 107 AD3d 1037, 1038 [2013], lv denied 22 NY3d 1044 [2013]).

Defendant's remaining contentions do not require extended discussion. Defendant's argument that the verdict is repugnant is unpreserved for our review in light of his failure to object prior to the jury being discharged (see People v Satloff, 56 NY2d

745, 746 [1982]; People v Hawkins, 110 AD3d 1242, 1244 [2013], lv denied 22 NY3d 1041 [2013]; People v Coville, 73 AD3d 1232, 1232-1233 [2010]; see also People v Muhammad, 17 NY3d 532, 541 n 5 [2011]).  Were we to review defendant's argument, we would find it to be lacking in merit.  As to the sentence imposed, we initially reject defendant's assertion that Supreme Court was required to afford him youthful offender status pursuant to CPL 720.20 (1) (b), as the record indicates that he does not meet the statutory requirement of having been convicted in a local criminal court (see CPL 10.10 [3]; People v Robert Z., 134 Misc 2d 555, 557 [1986]).  Moreover, given defendant's criminal history, we cannot say that Supreme Court abused its discretion in denying him youthful offender status (see CPL 720.20 [1]; People v Fernandez, 106 AD3d 1281, 1296 [2013]; People v Carter, 60 AD3d 1103, 1107 [2009], lv denied 12 NY3d 924 [2009]).  Finally, inasmuch as defendant has completed his six-month sentence, his harsh and excessive claim is moot (see People v Olmstead, 111 AD3d 1065, 1065 [2013]; People v Fusco, 91 AD3d 984, 985 [2012]; People v Nieves, 89 AD3d 1285, 1287 [2011]).

Lahtinen, J.P., McCarthy, Rose and Clark, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court