*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 27, 2016          106783
                                                107617
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                               MEMORANDUM AND ORDER

JOSEPH HARRIS,
                    Appellant.
_____

Calendar Date:  September 15, 2016

Before:  Peters, P.J., Egan Jr., Lynch, Rose and Aarons, JJ.

                    _____

        Aaron A. Louridas, Delmar, for appellant.

        Andrew J. Wylie, District Attorney, Plattsburgh (Jaime A.
Douthat of counsel), for respondent.

                    _____

Egan Jr., J.

        Appeals (1) from a judgment of the Supreme Court (Lawliss,
J.), rendered June 17, 2013 in Clinton County, convicting
defendant upon his plea of guilty of the crime of sexual abuse in
the first degree, and (2) from a judgment of said court, rendered
July 22, 2013, which revoked defendant's probation and imposed a
sentence of imprisonment.

        In full satisfaction of a three-count indictment, defendant
pleaded guilty to a single count of sexual abuse in the first
degree in exchange for the agreed-upon sentence of six months in
jail and a 10-year term of probation.  The underlying charges
stemmed from an incident wherein defendant engaged in sexual
contact with an infant while under the direct supervision of a

caseworker from the local department of social services.  Prior to pleading guilty, defendant was advised that he would be subject to a fine, as well as certain mandatory fees and surcharges.  Defendant agreed to the terms of the plea agreement, and the matter was adjourned for sentencing.

On June 17, 2013, defendant appeared for sentencing, at which time he consented to being classified as a risk level three sex offender and, according to the sentencing minutes, acknowledged receipt of and executed a document outlining the terms and conditions of his probation.  Although such document does not appear in the record on appeal, there is no dispute that the previously imposed fine, fees and surcharges (totaling $2,000) were due at the time of sentencing[1] and, further, that defendant was required to refrain from consuming any prescription medications that had not been specifically prescribed for his use.  The agreed-upon sentence thereafter was imposed and, after receiving credit for time served, defendant was released to probation.

Two days later, defendant appeared for his initial appointment with the Probation Department, at which time he tested positive for opiates.  Based upon his positive drug test and his failure to pay the moneys due at the time of sentencing, defendant was charged with violating the terms of his probation. Defendant waived a hearing and admitted that he willfully violated the foregoing conditions.  Supreme Court thereafter revoked defendant's probation and sentenced him to six years in prison followed by 10 years of postrelease supervision. Defendant now appeals from the June 17, 2013 judgment of conviction, as well as from the July 22, 2013 judgment revoking his probation and imposing a sentence of imprisonment.

Preliminarily, inasmuch as defendant has not briefed any issues relative to the June 17, 2013 judgment of conviction, we deem his appeal from that judgment to be abandoned (see People v

_____

[1]  Defendant does not claim that he was unaware — or received inadequate notice — of this requirement.

Barrett, 39 AD3d 1088, 1089 [2007], lv denied 9 NY3d 863 [2007]).
As for the violation of probation, although defendant
acknowledges that he waived a hearing and thereafter readily
admitted to the underlying conduct, he now contends that the
subject violations were not willful and, hence, Supreme Court
should not have revoked his probation.  Even assuming, without
deciding, that – despite defendant's waiver of a hearing (and his
subsequent admissions to the violations alleged) and Supreme
Court's finding that such admissions indeed established that
defendant willfully violated the terms and conditions of his
probation – Supreme Court nonetheless was required to inquire as
to defendant's ability to pay the fines and surcharges levied
against him (compare People v Songa, 132 AD3d 1071, 1073 [2015];
People v Souffrance, 94 AD3d 1024, 1024-1025 [2012]; see
generally People v Amorosi, 96 NY2d 180, 184 [2001]), the fact
remains that defendant admittedly consumed a prescription pain
reliever that was not prescribed for him.  Defendant's admission
in this regard is, standing alone, sufficient to support the
revocation of his probation (see People v Romeo, 9 AD3d 744, 745
[2004]; People v Meyer, 1 AD3d 721, 721 [2003], lv denied 1 NY3d
631 [2004]; see also People v Fusco, 91 AD3d 984, 985 [2012];
People v Bender, 24 AD3d 819, 820 [2005]; People v Parsons, 15
AD3d 728, 728 [2005]).  To the extent that defendant's proffered
excuse for his conduct is properly before us, we are not
persuaded that defendant "demonstrated either that he acted in
good faith in carrying out the terms of his probation or that the
violation was because of factors beyond his control" (People v
Mainville, 78 AD3d 1421, 1422 [2010] [internal quotation marks
and citation omitted], lv denied 16 NY3d 833 [2011]).
Accordingly, Supreme Court's judgments are affirmed.

        Peters, P.J., Lynch, Rose and Aarons, JJ., concur.

ORDERED that the judgments are affirmed.




ENTER:

Robert D. Mayberger
Clerk of the Court