People v Houston P. B. (2018 NY Slip Op 00161)





People v Houston P. B.


2018 NY Slip Op 00161


Decided on January 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2016-03860
 (Ind. No. 12-00455)

[*1]The People of the State of New York, respondent,
v
Houston P. B. (Anonymous), appellant.


Trachte Law Office, P.C., Newburgh, NY (Kenyon C. Trachte of counsel), for appellant.
David M. Hoovler, District Attorney, Middletown, NY (Nicholas D. Mangold of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an amended judgment of the County Court, Orange County (Freehill, J.), rendered March 23, 2016, revoking a sentence of probation previously imposed by the same court, upon a finding that he violated a condition thereof, upon his admission, and imposing a term of imprisonment upon his previous adjudication as a youthful offender for assault in the second degree.
ORDERED that the amended judgment is affirmed.
The record of the plea proceeding is inadequate to demonstrate that the defendant knowingly, voluntarily, and intelligently waived his right to appeal and, thus, the purported waiver of his right to appeal is not enforceable (see People v Bradshaw, 18 NY3d 257, 264-265; People v Brown, 122 AD3d 133).
The defendant failed to preserve for appellate review his contention that the County Court lost jurisdiction to adjudicate him in violation of probation due to a delay between a probation warrant and his appearance in court at the proceeding in which the court revoked the prior sentence of probation and imposed a period of incarceration (see People v Douglas, 94 NY2d 807, 808; People v Horvath, 37 AD3d 33, 36; People v Williams, 19 AD3d 868, 869). In any event, this contention is without merit. Contrary to the defendant's contention, he was not denied the effective assistance of counsel due to defense counsel's failure to raise this argument before the County Court (see generally People v Baldi, 54 NY2d 137, 146-147).
The defendant also failed to preserve for appellate review his contention that the County Court improperly sentenced him without obtaining an updated presentence report (see People v Heine, 122 AD3d 644, 645; People v McGinn, 96 AD3d 977; People v Gledhill, 91 AD3d 886; People v Ortega, 1 AD3d 533; cf. People v Jackson, 106 AD2d 93, 98), and we decline to review it in the exercise of our interest of justice jurisdiction.
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., LEVENTHAL, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court