■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v KEVIN ANDERSON, Respondent. [655 NYS2d 220] —Order unanimously reversed on the law, motion denied, indictment reinstated and matter remitted to Monroe County Court for further proceedings on the indictment. Memorandum: County Court erred in dismissing the indictment against both defendants on the ground that the Special Assistant District Attorney who presented the matter to the Grand Jury had not been duly appointed pursuant to County Law §§ 702 and 825 and, thus, the Grand Jury proceeding was defective because an improper person was present (*see,* CPL 190.25 [3]). The record establishes that the Monroe County District Attorney formally appointed Van Henri White to serve as a Special Assistant District Attorney, that White took the oath of office to serve in that capacity, and that the appointment was filed with the Monroe County Clerk, thereby substantially complying with the statutory appointment powers of the Monroe County District Attorney (*see,* County Law §§ 702, 825; *People v Fuller,* 156 Misc 404). The District Attorney may, pursuant to sections 702 and 825, appoint persons employed by other governmental agencies to assist in the prosecution of matters within his jurisdiction and statutory authority (*see,* 1977 Atty Gen [Inf Opns] 106). Lack of prior authorization from the Board of Supervisors does not impair the validity of that appointment

where, as here, the appointment does not impose a financial obligation upon the County that would require the Board of Supervisors to appropriate funds for the position. (Appeal from Order of Monroe County Court, Maloy, J.—Dismiss Indictment.) Present—Pine, J. P., Lawton, Doerr, Balio and Boehm, JJ.