People v Peasley (2020 NY Slip Op 03153)





People v Peasley


2020 NY Slip Op 03153


Decided on June 4, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 4, 2020

110376

[*1]The People of the State of New York, Respondent,
v
Eric A. Peasley, Appellant.

Calendar Date: May 19, 2020

Before: Lynch, J.P., Clark, Devine, Pritzker and Reynolds Fitzgerald, JJ.


Lucas G. Mihuta, Albany, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Jaime A. Douthat of counsel), for respondent.



Reynolds Fitzgerald, J.
Appeal from a judgment of the County Court of Clinton County (Favreau, J.), rendered April 5, 2018, which revoked defendant's probation and imposed a sentence of imprisonment.
Following a jury trial, defendant was convicted of, among other things, driving while intoxicated as a felony and was sentenced in March 2015 to five years of probation. In June 2017, defendant was arrested after the police responded to a domestic incident call involving defendant and his girlfriend. Defendant was subsequently charged with violating certain terms of his probation. Following a hearing, County Court found that defendant had violated the condition of his probation requiring that he refrain from consuming alcoholic beverages. At sentencing, County Court revoked defendant's probation and imposed a prison sentence of 1 to 3 years. Defendant appeals.
"A violation of probation proceeding is summary in nature and a sentence of probation may be revoked if the defendant has been afforded an opportunity to be heard and the court determines by a preponderance of the evidence that a condition of the probation has been violated" (People v Jangrow, 34 AD3d 991, 991-992 [2006] [citation omitted]; accord People v Thomas, 163 AD3d 1293, 1294 [2018], lv denied 32 NY3d 1068 [2018]). An arresting officer testified that defendant was combative and belligerent during the incident in question, had bloodshot eyes and emitted an odor of alcohol. The officer further testified that, based upon his observations and training as to the indicia of intoxication, defendant was intoxicated at the time of his arrest. According deference to County Court's determination to credit the officer's testimony, the court's finding that defendant violated a condition of his probation was supported by a preponderance of the evidence (see People v Deming, 171 AD3d 1400, 1402 [2019], lv denied 33 NY3d 1104 [2019]; People v Turner, 136 AD3d 1111, 1112 [2016], lv denied 27 NY3d 1140 [2016]). As to defendant's challenge to the severity of his sentence, our review of the record reveals neither an abuse of County Court's discretion nor the presence of extraordinary circumstances warranting a reduction of the sentence in the interest of justice (see People v Thomas, 163 AD3d at 1295; People v Cook, 133 AD3d 1048, 1048 [2015]).
Lynch, J.P., Clark, Devine and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.