People v October (2020 NY Slip Op 05259)





People v October


2020 NY Slip Op 05259


Decided on October 1, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 1, 2020

110856

[*1]The People of the State of New York, Respondent,
v
Desean J. October, Appellant.

Calendar Date: September 9, 2020

Before: Egan Jr., J.P., Mulvey, Devine, Aarons and Colangelo, JJ.


Erin C. Morigerato, Albany, for appellant.
Michael A. Korchak, District Attorney, Binghamton (Rita M. Basile of counsel), for respondent.



Devine, J.
Appeal from a judgment of the County Court of Broome County (Dooley, J.), rendered August 28, 2018, which revoked defendant's probation and imposed a sentence of imprisonment.
In 2017, defendant pleaded guilty to the crime of attempted robbery in the second degree and was sentenced to five years of probation. Among the various terms and conditions of defendant's probation were that he "[a]void any violations of the law" and refrain from consuming or possessing "illicit drugs." In 2018, a police officer responding to a disturbance at a local hospital found defendant to be in possession of a quantity of marihuana and heroin, and defendant was charged with violating the terms of his probation. Following a hearing, County Court revoked defendant's probation and resentenced him to a prison term of three years and three years of postrelease supervision. This appeal ensued.
We affirm. "A violation of probation proceeding is summary in nature and a sentence of probation may be revoked if the defendant has been afforded an opportunity to be heard and the court determines by a preponderance of the evidence that a condition of the probation has been violated" (People v Peasley, 184 AD3d 911, 912 [2020] [internal quotation marks and citations omitted], lv denied ___ NY3d ___ [Aug. 13, 2020]; accord People v Ferry, 171 AD3d 1398, 1399 [2019], lv denied 33 NY3d 1104 [2019]). Here, a police officer testified that he responded to a report of a disturbance at a hospital and that, upon arrival, hospital personnel identified defendant as one of the individuals involved. While speaking with defendant, the officer in question smelled what he described as the odor of raw marihuana emanating from defendant and, in response to questioning, defendant admitted that he had "a little bit of weed on him." After defendant indicated where on his person the substance was located, the officer recovered a bag from defendant's waistband that contained what proved to be marihuana. During the course of the ensuing search incident to defendant's arrest, the officer also recovered a quantity of what proved to be heroin. In our view, this testimony established by a preponderance of the evidence that defendant violated the terms and conditions of his probation by, among other things, possessing illicit drugs (see People v Jordan, 148 AD3d 1461, 1462 [2017]).
Defendant's ineffective assistance of counsel claim is unpersuasive. Contrary to defendant's assertion, the record makes clear that both defense counsel and County Court advised defendant of the ramifications of pursuing a CPL 190.80 motion, in response to which defendant insisted that counsel proceed. As for counsel's asserted failure to request an updated presentence investigation report, given the brief period of time between that report's preparation and the probation violation petition, the testimony of defendant's probation officer attesting to defendant's general compliance prior to the violation and the fact that defendant was afforded an opportunity to speak at sentencing, we cannot say that any omission in this regard constituted the ineffective assistance of counsel. Finally, we find no extraordinary circumstances or abuse of discretion warranting a reduction of the resentence imposed in the interest of justice (see People v Nolan, 133 AD3d 1040, 1041 [2015]). Defendant's remaining arguments, including his assertion that the drugs in question were seized in violation of his 4th Amendment rights, have been examined and found to be lacking in merit.
Egan Jr., J.P., Mulvey, Aarons and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.