People v Mazzeo (2021 NY Slip Op 01162)





People v Mazzeo


2021 NY Slip Op 01162


Decided on February 25, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 25, 2021

111003

[*1]The People of the State of New York, Respondent,
v
David A. Mazzeo, Appellant.

Calendar Date: January 13, 2021

Before: Egan Jr., J.P., Clark, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.


Danielle Neroni Reilly, Albany, for appellant.
P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for respondent.



Clark, J.
Appeal from a judgment of the County Court of Albany County (Lynch, J.), rendered July 7, 2017, which revoked defendant's probation and imposed a sentence of imprisonment.
In April 2013, upon his plea of guilty to the crime of grand larceny in the third degree, defendant was sentenced to a five-year term of probation and ordered to pay restitution to the victim of his crime. In May 2017, after a nine-count indictment was handed up against him, defendant was charged with violating the terms of his probation by committing additional crimes, as well as failing to make restitution payments over a period of several months. Following a hearing, County Court found that defendant knowingly and willfully violated the terms of his probation and, consequently, revoked defendant's probation and sentenced him to a prison term of 2&frac13; to 7 years. Defendant appeals, and we affirm.
To begin, we find no merit to defendant's contention that the Assistant Attorney General who assumed a prosecutorial role in this proceeding was without authority to do so. Although "the Attorney-General's prosecutorial authority is strictly limited to the specific statutory grants of such authority" (Matter of Haggerty v Himelein, 89 NY2d 431, 435 [1997]), a district attorney may enlist the help of an assistant attorney general in prosecuting a case by appointing him or her as an assistant district attorney, provided that such appointment is made in accordance with the dictates of County Law § 702 and that the district attorney retains "ultimate prosecutorial authority" over the matter (id. at 436; see People v Glanda, 5 AD3d 945, 948 [2004], lvs denied 3 NY3d 640, 674 [2004], cert denied 543 US 1093 [2005]; People v Anderson, 237 AD2d 989, 989 [1997]). Pursuant to County Law § 702, the appointment must be filed and recorded in the county clerk's office and the appointed assistant district attorney must take the oath of office and "perform such duties pertaining to the office as may be directed by the district attorney" (County Law § 702 [1], [2]). Here, the record reflects that the Assistant Attorney General was validly appointed as an Assistant District Attorney, that he took the oath of office and that he took part in the proceeding under the control and direction of the Albany County District Attorney (see County Law § 702 [1], [2]; People v Anderson, 237 AD2d at 989). Thus, contrary to defendant's contention, the Assistant Attorney General did not act without authority.
Defendant also challenges County Court's determination that he violated the terms and conditions of his probation. Under the terms and conditions of his probation, which defendant signed and acknowledged on three occasions, defendant was required to "[r]efrain from committing any additional crime, offense, violation or other illegal activity" and to pay monthly installments of restitution to the Probation Department. Upon review of the evidence, we agree with County Court that the People proved, by [*2]a preponderance of the evidence, that defendant violated the above terms and conditions of his probation (see CPL 410.70 [3]).
Turning first to the allegation that defendant committed additional crimes, the record establishes that, in May 2017, defendant was charged by indictment with money laundering in the second degree, scheme to defraud in the first degree, three counts of grand larceny in the third degree, grand larceny in the fourth degree, violating General Business Law § 352-c (6), offering a false instrument for filing in the first degree and criminal tax fraud in the fourth degree. We agree with defendant that the People failed to present sufficient proof to establish, by a preponderance of the evidence, that defendant violated General Business Law § 352-c (6). However, a preponderance of the evidence does support County Court's determination that defendant violated his probation by committing the crimes of money laundering in the second degree, scheme to defraud in the first degree, grand larceny in the third degree, grand larceny in the fourth degree and criminal tax fraud in the fourth degree (see Penal Law §§ 155.30 [1]; 155.35 [1]; 190.65 [1] [b]; 470.15 [1] [b] [ii] [A]; Tax Law § 1803).[FN1] Contrary to defendant's contention, such determination was not based exclusively upon hearsay evidence. Although the People presented hearsay testimony from an investigator who interviewed some of defendant's victims, testimony from a tax auditor within the Department of Taxation and Finance and one of the victims, as well as bank records evidencing wire transfers from the victims to defendant, constitutes the necessary "residuum of competent legal evidence" to support the finding that defendant violated the terms and conditions of his probation by committing additional crimes (People v Styles, 175 AD2d 961, 961 [1991], lv denied 79 NY2d 923 [1992], quoting People v Machia, 96 AD2d 1113, 1114 [1983]; see People v Hogan, 284 AD2d 655, 655-656 [2001], lv denied 97 NY2d 641 [2001]).
Defendant's willful failure to make his required restitution payments over a series of months forms an additional, independent basis for County Court's violation finding. The record evidence demonstrated that defendant was in arrears on his restitution payments and that he had the ability to make "sufficient bona fide efforts legally to acquire the resources to pay" his restitution obligations, but failed to do so (Bearden v Georgia, 461 US 660, 672 [1983]; accord People v Hakes, 168 AD3d 1214, 1215 [2019]). Accordingly, upon consideration of the foregoing, there is no basis upon which to disturb County Court's determination that defendant violated the terms and conditions of his probation.
Defendant's remaining contentions have been examined and found to be without merit.
Egan Jr., J.P., Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: County Court did not make any finding with respect to the charge of offering a false instrument for filing in the first degree.