People v Tunnell (2021 NY Slip Op 01451)





People v Tunnell


2021 NY Slip Op 01451


Decided on March 11, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 11, 2021

112383

[*1]The People of the State of New York, Respondent,
v
Tamir D. Tunnell, Appellant.

Calendar Date: February 8, 2021

Before: Egan Jr., J.P., Clark, Aarons, Pritzker and Colangelo, JJ.


Danielle Neroni Reilly, Albany, for appellant.
P. David Soares, District Attorney, Albany (Jonathan P. Catania of counsel), for respondent.



Egan Jr., J.P.
Appeal from a judgment of the County Court of Albany County (Carter, J.), rendered July 30, 2019, which revoked defendant's probation and imposed a sentence of imprisonment.
Defendant pleaded guilty to attempted criminal possession of a weapon in the second degree and was sentenced as a youthful offender to five years of probation. He was subsequently charged with violating multiple conditions of his probation and a declaration of delinquency was issued. Thereafter, County Court conducted a hearing on the violation petition. At its conclusion, the court determined that defendant had violated the conditions of his probation requiring him to report to his probation officer, abide by a curfew, maintain employment and pay restitution. Consequently, the court revoked his probation and resentenced him to 1 to 3 years in prison on the underlying crime. Defendant appeals.
Initially, defendant contends that the People failed to establish that his failure to pay restitution was willful as County Court did not conduct a sufficient inquiry into his ability to pay (see People v Hakes, 168 AD3d 1214, 1215 [2019]). This claim, however, has not been preserved for our review as defendant did not raise it at the hearing or at the resentencing (see People v Bailey, 181 AD3d 1243, 1245 [2020]; People v Swick, 147 AD3d 1346, 1346 [2017], lv denied 29 NY3d 1001 [2017]). In any event, this was only one of many probation violations that defendant committed, all of which were supported by a preponderance of the evidence and warranted the revocation of his probation (see People v October, 187 AD3d 1247, 1248 [2020], lv denied 36 NY3d 930 [2020]; People v Peasley, 184 AD3d 911, 912 [2020], lv denied 35 NY3d 1069 [2020]). Contrary to defendant's claim, County Court adequately set forth the basis for its decision to revoke his probation and was not statutorily required to engaged in any particular form of fact-finding (see CPL 410.70 [5]). As for defendant's challenge to the severity of the resentence, we find no extraordinary circumstances or abuse of discretion warranting a reduction in the interest of justice (see People v October, 187 AD3d at 1249; People v Peasley, 184 AD3d at 912).
Clark, Aarons, Pritzker and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.