People v Davidson (2022 NY Slip Op 00073)





People v Davidson


2022 NY Slip Op 00073


Decided on January 6, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:January 6, 2022

110470
[*1]The People of the State of New York, Respondent,
v
Corey T. Davidson, Appellant.

Calendar Date:November 15, 2021

Before:Egan Jr., J.P., Lynch, Clark, Aarons and Pritzker, JJ.

Clea Weiss, Ithaca, for appellant.
Michael A. Korchak, District Attorney, Binghamton (Rita M. Basile of counsel), for respondent.



Pritzker, J.
Appeal from a judgment of the County Court of Broome County (Dooley, J.), rendered June 6, 2018, which revoked defendant's probation and imposed a sentence of imprisonment.
Defendant was convicted, upon his guilty plea, of attempted assault in the second degree and sentenced, in October 2017, to time served and a five-year period of probation. A five-year stay away order of protection was issued in favor of the victim, the mother of defendant's infant child. In April 2018, the victim called police and reported that defendant had entered her apartment building and banged on her door at approximately 4:30 a.m. for 30 minutes, and defendant was charged with criminal contempt in the first degree and violating the conditions of his probation by being charged with a crime and violating the order of protection. Following a violation of probation hearing, County Court found that defendant had violated the terms of his probation, revoked his probation and sentenced him to a prison term of 1&frac13; to 4 years. Defendant appeals.[FN1]
We affirm. Contrary to defendant's claim, the People proved by a preponderance of the evidence that he violated the conditions of his probation, and the finding was not based entirely on hearsay evidence (see CPL 410.70 [3]). The police officer who responded to the scene testified to observing defendant inside the apartment building descending the stairs in the vicinity of the victim's apartment and, when questioned, defendant became "very nervous" and eyed the front door, and was placed in handcuffs. The officer then spoke to the victim, who recounted that defendant, who she recognized by his voice, rang her doorbell and banged on her door asking to be let in, and she gave a sworn statement to that effect, which was received into evidence. The order of protection was admitted into evidence, and defendant's probation officer testified that he reviewed the conditions of probation with him, including the domestic violence condition requiring that he abide by the order of protection. Defendant testified, admitting that he was present in the victim's building and aware of the order of protection but offered various inconsistent exculpatory explanations that County Court justifiably found to be "incredible." According deference to the court's determination to credit the police officer's direct account and the victim's sworn statement, the court's finding that defendant violated the conditions of his probation was supported by a preponderance of the evidence and did not rest solely on hearsay (see People v Mazzeo, 191 AD3d 1171, 1173 [2021], lv denied 36 NY3d 1121 [2021]; People v Deming, 171 AD3d 1400, 1401-1402 [2019], lv denied 33 NY3d 1104 [2019]).
Defendant further argues that he was denied the effective assistance of counsel on several grounds. Contrary to defendant's claim, the remarks of the Assistant Public Defender (hereinafter defense counsel), at the proceeding at which a plea offer was placed on the record and rejected[*2], did not violate the attorney-client privilege (see CPLR 4503 [a]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.6). County Court stated the terms of the plea offer resolving the probation violation and contempt charge and advised defendant of his rights, and then asked defense counsel if he had discussed the offer with defendant. Defense counsel responded that he had explained to defendant the offer, his rights and the standards of proof applicable to each charge, and that defendant had rejected the offer, but expressed concern regarding defendant's understanding of the nature of the narrow issues relevant to each charge. The court then again explained the foregoing to defendant and his potential sentencing exposure. We find that defense counsel's remarks were an appropriate effort to ensure that defendant understood the proceedings before rejecting the plea offer and did not constitute a disclosure of confidential information (see People v Osorio, 75 NY2d 80, 84 [1989]; People v Mitchell, 58 NY2d 368, 373 [1983]; cf. People v Glen, 52 NY2d 880, 881 [1981]).
We are similarly not persuaded by defendant's further contention that defense counsel's conflict of interest deprived him of the effective assistance of counsel. After defendant rejected the plea offer, defense counsel, having apparently discussed the matter off the record with County Court during a plea conference, placed on the record that if the People called the victim as a witness, the Public Defender's office would have a conflict of interest. The court indicated that, if need be, it would relieve the Public Defender's office and appoint substitute counsel. At the next appearance, the violation of probation hearing proceeded and the victim was not called as a witness, although the police officer who took her sworn statement testified to her account and her statement was received into evidence. Given that the victim was not called as a witness and there was no suggestion that the Public Defender was simultaneously representing her in another matter,[FN2] the record does not support a finding of an actual conflict of interest (see People v Sanchez, 21 NY3d 216, 223 [2013]; People v McDonald, 68 NY2d 1, 8 [1986]).
With regard to the potential for such a conflict, "a potential conflict that is not waived by the accused requires reversal only if it operates on or affects the defense" (People v Sanchez, 21 NY3d at 223 [internal quotation marks omitted]). Defendant has not met his "heavy burden" of showing how the potential conflict affected the presentation of his defense or impaired counsel's performance (id. at 223-224 [internal quotation marks and citation omitted]). The burden was on the People to prove the violation (see CPL 410.70 [3]), and defense counsel had no obvious incentive to call the victim as a witness; counsel also objected, albeit unsuccessfully, to the admission of testimony regarding the victim's account of the incident to police and her written statement[*3], on the grounds that they were unreliable hearsay and the People could have called her to testify. Moreover, on this record, there is no basis upon which to conclude that the People's decision not to call the victim was solely attributable to the potential conflict or, more to the point, negatively affected his defense; there is also no basis upon which to find that, had the People called the victim as a witness, substitute counsel's cross-examination of her would have benefited the defense. Viewed in totality, the record demonstrates that defense counsel capably cross-examined the witnesses and mounted a defense, and we find that defendant has not demonstrated that he was denied meaningful representation (see People v Maisonette, 192 AD3d 1325, 1331 [2021], lv denied 37 NY3d 966 [2021]; People v Bombard, 187 AD3d 1417, 1420 [2020]).
With regard to defendant's challenge to the severity of the resentence, we find no extraordinary circumstances or abuse of discretion warranting a reduction of the sentence in the interest of justice (see People v Tunnell, 192 AD3d 1276, 1276 [2021]; People v October, 187 AD3d 1247, 1249 [2020], lv denied 36 NY3d 930 [2020]).[FN3] We have reviewed defendant's remaining contentions and find that none has merit.
Egan Jr., J.P., Lynch, Clark and Aarons, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: The record does not reflect the disposition, if any, of the criminal contempt in the first degree charge.

Footnote 2: The nature of the potential conflict was not placed on the record. To the extent that defendant relies on matters outside of the record, they should more appropriately be addressed in a motion pursuant to CPL article 440 (see People v Morton, 173 AD3d 1445, 1446 [2019], lv denied 34 NY3d 935 [2019]).

Footnote 3: The People are incorrect in arguing that defendant's challenge to the sentence as harsh and excessive is moot based upon his release to parole (see People v Guyett, 137 AD3d 1329, 1329 [2016]; compare People v Vittengl, 195 AD3d 1233, 1234 [2021]).