People v Everett (2023 NY Slip Op 06643)

People v Everett

2023 NY Slip Op 06643

Decided on December 22, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, OGDEN, GREENWOOD, AND NOWAK, JJ.

906 KA 21-00981

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ERIC EVERETT, ALSO KNOWN AS KAMARI BENZ, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (AXELLE LECOMTE-MATHEWSON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
ERIC EVERETT, DEFENDANT-APPELLANT PRO SE.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Erie County Court (Kenneth F. Case, J.), rendered July 31, 2019. The judgment convicted defendant, upon a nonjury verdict, of predatory sexual assault against a child. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a nonjury verdict, of predatory sexual assault against a child (Penal Law § 130.96). Contrary to defendant's contention in his main brief that he was denied effective assistance of counsel because defense counsel violated the attorney-client privilege during pretrial discussions with County Court, we conclude that "defense counsel's remarks were an appropriate effort to ensure that defendant understood the proceedings before rejecting the plea offer and did not constitute a disclosure of confidential information" (People v Davidson, 201 AD3d 1025, 1027 [3d Dept 2022]). We further conclude that "[t]here is nothing in the record to indicate that defendant was deprived of meaningful representation" at any stage of the proceedings (People v Eckerd, 161 AD3d 1508, 1509 [4th Dept 2018], lv denied 31 NY3d 1116 [2018]). We note that if defendant " 'can demonstrate facts, not recited in the record, that would raise [a colorable] issue [of ineffective assistance], that issue can be pursued by motion pursuant to CPL 440.10' " (People v Barbuto, 126 AD3d 1501, 1504 [4th Dept 2015], lv denied 25 NY3d 1159 [2015]).
We also reject defendant's contention in his main brief that the verdict is against the weight of the evidence. Viewing the evidence in light of the elements of the crime in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that, although a different verdict would not have been unreasonable, it cannot be said that the court failed to give the evidence the weight it should be accorded (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). We further conclude, contrary to defendant's contention in his main brief, that defendant's sentence is not unduly harsh or severe. We have reviewed the remaining contentions in the main and pro se supplemental briefs and conclude that none warrants modification or reversal of the judgment.
Entered: December 22, 2023
Ann Dillon Flynn
Clerk of the Court