People v Montgomery (2025 NY Slip Op 01111)

People v Montgomery

2025 NY Slip Op 01111

Decided on February 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2019-11783
 (Ind. No. 1195/18)

[*1]The People of the State of New York, respondent,
v
Gregory Montgomery, appellant.

Patricia Pazner, New York, NY (Steven C. Kuza of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Charles T. Pollak, and Corey Reisman of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gene Lopez, J.), rendered September 18, 2019, convicting him of robbery in the third degree, assault in the third degree, and criminal possession of stolen property in the fifth degree, after a nonjury trial, and imposing sentence.
ORDERED that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Queens County, for a new trial.
In May 2018, the defendant allegedly stole two bottles of water from a convenience store in Queens and engaged in an altercation with a store employee. The defendant was subsequently charged with robbery in the second degree (Penal Law § 160.10[2][a]), assault in the third degree (Penal Law § 120.00[1]), petit larceny (Penal Law § 155.25), and criminal possession of stolen property in the fifth degree (Penal Law § 165.40).
Prior to trial, the defendant rejected an offer to enter a plea of guilty to the lesser included offense of robbery in the third degree and to serve a sentence of five years of probation. Defense counsels requested an examination pursuant to CPL article 730 to determine if the defendant was competent to stand trial based upon his alleged failure to provide a rational reason to reject a plea offer that would have allowed him to avoid incarceration. In connection with defense counsels' application for an examination pursuant to CPL article 730, the Supreme Court, the defendant, and defense counsels engaged in a lengthy colloquy on the record in which defense counsels, inter alia, revealed detailed communications that they had with the defendant about the strength of his case and that they had conducted a mock trial in their office, wherein the defendant had been found guilty. The court granted defense counsels' application for an examination pursuant to CPL article 730. However, the defendant was subsequently found competent to stand trial.
Following a nonjury trial, the defendant was convicted of, among other things, robbery in the third degree and assault in the third degree. The defendant appeals.
The defendant contends that he was deprived of the effective assistance of counsel in light of the disclosures made and positions taken by defense counsels in connection with the CPL [*2]article 730 application. To establish ineffective assistance of counsel under the federal standard, a defendant is required to demonstrate that counsels' performance fell below an objective standard of reasonableness and that the deficient performance prejudiced the defense (see Strickland v Washington, 466 US 668). "Pursuant to the New York standard, a court must examine whether the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (People v Weaver, 233 AD3d 712, 713 [internal quotation marks omitted]; see People v DeBellis, 40 NY3d 431, 436; People v Sposito, 37 NY3d 1149, 1150; People v Alvarenga, 218 AD3d 485, 487). The state standard for effective assistance "is ultimately concerned with the fairness of the process as a whole rather than its particular impact on the outcome of the case" (People v Benevento, 91 NY2d 708, 714; see People v Wright, 25 NY3d 769, 779; People v Alvarenga, 218 AD3d at 487).
Here, the defendant's right to counsel was adversely affected, and he received ineffective assistance of counsel when his attorneys revealed confidential communications on the record and, in effect, took a position adverse to him (see generally People v Mitchell, 21 NY3d 964, 967; People v Glenn, 52 NY2d 880, 881; People v Fellows, 192 AD3d 701, 701-702; People v Lopez, 173 AD3d 1213, 1213-1214). Contrary to the People's contention, defense counsels did more than merely express concern that the defendant misunderstood the nature of the relevant issues (see People v Everett, 222 AD3d 1400, 1400; People v Davidson, 201 AD3d 1025, 1027). Instead, defense counsels emphasized the strength of the evidence against their client, including revealing that a mock trial conducted in their office resulted in the defendant being found guilty (see generally People v Washington, 25 NY3d 1091, 1095; People v Glenn, 52 NY2d at 881; People v Bernard, 242 AD2d 387, 387-388; People v Santana, 156 AD2d 736, 737). These detailed statements, in effect, made defense counsels witnesses against their client, regardless of whether defense counsels allegedly made these statements in order to aid the application for an examination pursuant to CPL article 730 or in an attempt to persuade the defendant to accept what they viewed as a highly favorable plea offer. Although defense counsels had an obligation to advise the defendant regarding the plea offer (see generally People v Hungria, 161 AD3d 1007, 1008), the defendant retains the authority to accept or reject a plea offer, even having accepted the assistance of counsel (see Jones v Barnes, 463 US 745, 751; People v Colon, 90 NY2d 824, 825; People v White, 73 NY2d 468, 478; see also 22 NYCRR 1200.1.2[a]), and defense counsels must provide meaningful representation consistent with the defendant's desire to proceed to trial (see generally People v Debellis, 40 NY3d at 439-440).
In light of our determination, we need not reach the defendant's remaining contentions.
CONNOLLY, J.P., MILLER, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court